Memorandum. The order of the Appellate Division should be affirmed.
 

 The plaintiff agreed to open an account for the appellant if
 
 *866
 
 the appellant would sign a "guarantee” furnished by the plaintiff. The appellant signed and returned the "guarantee” which provides that "For value received and the further consideration of any credit that you may hereafter from time to time extend to 91 East End Corporation * * * the undersigned does hereby guarantee the full and prompt payment to you, of all indebtedness due to you which the said 91 East End Corporation has heretofore incurred and does hereafter incur”. Although described as a guarantee this writing is actually an agreement or promise to pay appellant’s own obligation for purchases made on its own account (see, e.g.,
 
 Deeves & Son v Manhattan Life Ins. Co.,
 
 195 NY 324, 331). The plaintiff’s business records introduced into evidence at the trial show that the materials were delivered to the appellant’s address and credited to its account. In fact, at the trial appellant admitted that the materials were supplied and used in the construction project at its premises. On this record we agree with the trial court that the evidence established appellant’s obligation to pay for the goods sold, delivered and credited to its account.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs, in a memorandum.