■ FRANK E. KUNKER, III, et al., Respondents, v COHN, YAGUDA, CRONIN REALTY, INC., Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered August 23, 1979 in Albany County, granting summary judgment to the plaintiffs. On April 10, 1976, David and Kandy Berley, as owners, entered into a written multiple listing agreement with the defendant broker, whereby the broker would undertake to find a purchaser for the Berley premises. The agreement authorized the broker to "hold any and all deposits made by a purchaser in an escrow account until the date of closing, or date of cancellation of the contract by mutual consent of the parties, whichever is sooner". On June 2, 1976, the plaintiffs (the Kunkers) executed a contract to purchase the premises and simultaneously deposited $5,000 with the broker to be held in escrow pursuant to the agreement. The contract of purchase was contingent upon the sellers' ability to give marketable title to the premises as of July 1, 1977. If title was not cleared by September 1, 1976, however, the plaintiffs were permitted to rent the premises for a stipulated sum, until such title was cleared, but not beyond the set closing date. Prior to closing, the plaintiffs took possession of the property under the rental agreement. The premises were never conveyed to the plaintiffs because on March 23, 1978 the property was sold pursuant to a mortgage foreclosure action commenced by the mortgagee bank, and at the foreclosure sale, the premises were purchased by another bank, Manufacturers Hanover Trust Co. Subsequently, the plaintiffs purchased the premises from that bank. The plaintiffs commenced an action against the defendant broker to recover their deposit. The sellers were not made parties to this action. After issue had been joined, the plaintiffs moved for an order pursuant to CPLR 3212 granting them summary judgment. The defendant cross-moved for an order either dismissing the complaint, upon the ground that the sellers were necessary parties who had not been joined in the action, or directing that the sellers be joined in the action, or permitting the defendant to pay the amount of the deposit into court and thereupon be discharged from liability. Special Term granted plaintiffs' motion for summary judgment and denied the cross motion of the defendant. The contract of sale was contingent upon the transfer of title to the real property by the sellers. In the instant case, it is undisputed that the sellers were prevented from transferring the premises because of the mortgage foreclosure proceedings. Thus, the contract rights of the sellers are not in real dispute. Under such circumstances, the plaintiffs may sue the defendant directly for the return of the money held in escrow and need not join the sellers as parties *(Perino v Jarvis,* 135 Col 393; *Cassimus v Vaughn Realty Co.,* 217 Ala 561; cf. *Prioletti v Bowman,* 194 Misc 755, affd 275 App

Div 1067). Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.