■ Joseph P. Sarubbi et al., Respondents, v John Rinaldo, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Conway, J.), entered February 24, 1983 in Ulster County, which, *inter alia,* granted plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon. On March 13, 1979, the sale of a Florida business was consummated in Florida between plaintiffs as sellers and defendant and George Arold as buyers. At the time the parties were all Florida residents. The parties agree that the applicable substantive law of Florida is essentially the same as the law of New York. A closing statement memorializing the transaction reads as follows: $1,000 down payment, $17,723 purchase money note, $11,000 balance due seller. On the day of the closing, defendant and Arold executed a promissory note for $17,723 made payable to all four plaintiffs. The following day, a second document bearing no title but reciting that defendant and Arold "unconditionally guarantee payment of this promissory note to [plaintiffs

Joseph P. Virga and Joseph P. Sarubbi] the sum of $20,000.00 with interest thereon" was executed. Both documents contain language accelerating the debt upon default. Up until May 13, 1982, defendant made payments to plaintiffs totaling $22,065.35. Apart from a $37.35 payment made on or about June 4, 1982, no other payments have since been made. Plaintiffs brought this motion for summary judgment in lieu of complaint pursuant to CPLR 3213 for sums claimed to be due upon instruments for the payment of money only; it is alleged that $8,832.79 is due on each instrument. Defendant avers that the $17,723 note has been paid and that the second document is not a promissory note but a guarantee. He also asserts, and it is unrebutted, that there is no consideration for the second document, whether it be a note or a guarantee. Special Term found both instruments to be promissory notes, defendant liable for payment thereof, and awarded plaintiffs judgment in the amount of $17,665 with appropriate interest. We cannot agree. Although the language of guarantee used in the second instrument is not conclusive on the issue of whether it is a guarantee rather than a note (see *New York Plumber's Specialties Co. v 91 East End Corp.,* 42 NY2d 865, 866), unexplained, it raises a triable question of fact as to the intended purpose of the document. Moreover, this instrument, in defining the obligations of the signatories, states: "that in the event of default of said note by the makers thereof, we will immediately pay to the holders thereof the entire unpaid balance and all interest due thereon upon demand and agree that the holders of said note shall not be required to take any action to enforce payment of said note." These references to "said note" and the differentiation between the signers of this instrument (we) and the "makers" of the note all suggest this is a guarantee for another note. Other triable factual issues exist in addition to the issue of this document's character. For instance, it is unclear where and what is the underlying obligation if the document is a guarantee, and what is the consideration if it is a promissory note. Denial of defendant's cross motion for dismissal for nonjoinder of Arold, a Florida resident, as a necessary party was proper (see Siegel, NY Prac, § 133). Even assuming that Arold was jointly liable with defendant, an effective judgment could be rendered in the absence of his being made a party. Order and judgment modified, on the law, by reversing so much thereof as granted plaintiffs' motion for summary judgment, motion denied, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.