■ ARTHUR DULIK, JR., Respondent, v CHARLES AMANTE et al., Appellants.—In an action to recover commissions on the sales of three yachts, the defendants appeal from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated November 1, 1989, which, *inter alia,* granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

By an agreement dated October 8, 1985, the plaintiff and his wife sold their half interest in the corporate defendant, Eastern Yachts, Inc., back to the corporation. The plaintiff agreed to work for the business as an "independent salesman". The agreement provided that on all sales originated by him, the plaintiff would earn a commission upon acceptance of the contract by the corporation and that one half of the commission would be paid upon acceptance of the contract and one half upon transfer of title. The plaintiff thereafter sold three yachts but the defendants refused to pay the full commissions due him and this action ensued.

We agree with the Supreme Court that the record presents no triable issue of fact as to the plaintiff's entitlement to the commissions sought. The subject agreement was clear and unambiguous as to the conditions upon which the plaintiff would earn a commission. The plaintiff procured the buyers for the yachts and title closed on all three. As such, the plaintiff was entitled to the commissions claimed. The agreement simply did not provide for or even suggest any of the further conditions that the defendants would have this court read into the plain meaning of the contract terms.

Furthermore, the defendant Charles Amante signed the agreement twice—once as the corporate president and once in his individual capacity. We find that Charles Amante's two signatures and the defendant Valerie Amante's signature as an individual evidence their intent to be personally responsible for the payment of the plaintiff's commissions under the terms of the agreement *(see, Salzman Sign Co. v Beck,* 10 NY2d 63; *Mencher v Weiss,* 306 NY 1; *Klapper v Integrated Agric. Mgt. Co.,* 149 AD2d 765). Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.