OPINION OF THE COURT
Memorandum.
In this breach of contract action, defendant Mega testified that she read the contract and noticed the printed words directly beneath her signature which read: “Individually and *109 For Company (Read Clause 15 On Reverse Side).” On the reverse side of the contract, paragraph 15 states:
“15. A.) THE PERSON SIGNING THIS AGREEMENT WARRANTS THAT HE IS AUTHORIZED TO SIGN IT.
“B.) THE SIGNER OF THE CONTRACT, DOES, BY HIS EXECUTION OF THIS AGREEMENT, PERSONALLY UNDERTAKE AND ASSUME THE FULL PERFORMANCE HEREOF INCLUDING PAYMENTS OF AMOUNTS DUE HEREUNDER.”
As previously held by this court in Yellow Book Co. v Baum (NYLJ, Jan. 2, 2001, at 31, col 4 [App Term, 9th & 10th Jud Dists]), which involved the same unambiguous contract, the aforementioned language made the individual defendant aware that by signing the subject contract, she was personally bound thereby and would be liable for any nonpayment thereof. While defendant Mega contends that by writing the letters “PRS” (to indicate that she was president of the corporate defendant) after her signature she was not incurring personal liability, such contention is without merit (see, Valley Stream Aluminum Mfg. Co. v Levitt, NYLJ, June 5, 1997, at 31, col 6 [App Term, 9th & 10th Jud Dists]). Contrary to the lower court’s findings, this is not a case where the plaintiff attempted to “trap an unwary person” into making an unintended assumption of personal liability by inserting an obscure clause in the midst of a lengthy and complex contract (Yellow Book Co. v Baum, supra; Yellow Book v Kim, 2001 NY Slip Op 40521 [U] [decided herewith]; see, Florence Corp. v Penguin Constr. Corp., 227 AD2d 442; Goodfellow Auto Body Supplies v DeMarco, NYLJ, June 25, 1999, at 34, col 1 [App Term, 9th & 10th Jud Dists]; Valley Stream Aluminum Mfg. Co. v Levitt, supra; cf., Salzman Sign Co. v Beck, 10 NY2d 63).
Floyd, P. J., Doyle and Winnick, JJ., concur.