■ RAY NAGAVI, Respondent, v EVA NEWCOMB et al., Defendants and RALPH CAPURSO et al., Appellants. [762 NYS2d 113] —Spain, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered December 28, 2000 in Sullivan County, which denied a motion by defendants Ralph Capurso and Edna Capurso for summary judgment dismissing the complaint against them.

Plaintiff executed a real estate contract (hereinafter the contract) with defendant Eva Newcomb, agreeing to purchase a parcel of property in the Village of Monticello, Sullivan County (hereinafter the property) for $50,000. Prior to the January 13, 1995 agreed-upon closing date and after several judgments were entered against her, Newcomb transferred the property to her husband, defendant Frederick L. Nevins. Plaintiff appeared at Nevins' attorney's office, prepared to close, on January 13, 1995. The closing did not take place, however, because the title company required that the judgments against Newcomb be satisfied to avoid any challenge that the transfer from Newcomb to Nevins was fraudulent.

During the process of negotiating an alternate closing date, Nevins' attorney informed plaintiff's attorney that Nevins intended to convey the property to defendants Ralph Capurso and Edna Capurso (hereinafter collectively referred to as defendants). Plaintiff's attorney allegedly notified counsel for Nevins and defendants that plaintiff intended to enforce his contract to purchase the property. Nevins nevertheless transferred the property to defendants on May 12, 1995 for $75,000.

Plaintiff promptly commenced an action against Newcomb, Nevins and defendants (hereinafter the first action). While that action was pending, Newcomb and Nevins filed for bankruptcy protection in Florida, resulting in an automatic stay of plaintiff's action against them. After plaintiff did not take Supreme Court's advice to take steps in Florida to determine if the stay could be lifted, the first action was dismissed without prejudice. Newcomb and Nevins subsequently obtained a discharge in bankruptcy of their debts and liabilities, including any potential liability to defendants.

Plaintiff commenced this action against defendants in August 1999.* Defendants moved for summary judgment and Supreme Court denied the motion. Defendants appeal, and we affirm.

Defendants' principal argument on appeal is that Newcomb and Nevins are necessary parties to this action and, therefore, Supreme Court erred in allowing the action to continue in their absence. "The general rule is that '[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants' " (*Saratoga County Chamber of Commerce v Pataki,*

---

* Although Newcomb and Nevins appear in the caption, in light of the bankruptcy discharge they were never served.

275 AD2d 145, 151 [2000], quoting CPLR 1001 [a]). Where, as here, jurisdiction cannot be maintained against a party, the court, in its discretion and upon consideration of certain delineated factors, may nevertheless permit an action to proceed where a necessary party is absent (*see Saratoga County Chamber of Commerce v Pataki, supra; see also* CPLR 1001 [b]). Because we agree with Supreme Court that Nevins and Newcomb are not necessary parties, we need not examine whether this was a case where "justice so requires" the action to proceed in their absence (*Saratoga County Chamber of Commerce v Pataki, supra* at 151).

Indeed, defendants do not argue that Newcomb and Nevins could be inequitably effected, but focus instead on the argument that defendants cannot be afforded complete relief if Newcomb and Nevins are not joined. The crux of defendants' argument is that, should plaintiff succeed in obtaining specific performance of the contract, defendants will have no recourse back against Newcomb and Nevins. Surely, if specific performance is granted and defendants are ordered to convey the property to plaintiff for $50,000, defendants will have lost a minimum of $25,000 ($75,000 purchase price paid less $50,000 purchase price promised to plaintiff) and, due to the bankruptcy discharge, will not be able to maintain an action against Newcomb or Nevins.

We disagree with defendants, however, that this purportedly unjust result leads to the conclusion that Newcomb and Nevins are necessary parties to this action. Although this action cannot settle any dispute as between defendants and Newcomb and/or Nevins, complete relief as between the parties here— plaintiff and defendants—is possible. Plaintiff seeks specific performance, relief which can be fully obtained against defendants. Although defendants are frustrated with plaintiff's failure to more aggressively seek relief from Nevins and Newcomb, it was plaintiff's prerogative to abandon that avenue and pursue only his claims against defendants (*see* CPLR 3002 [a]; *Pigliavento v Tyler Equip. Corp.*, 233 AD2d 810, 811 [1996]) and defendants have offered no compelling legal support for the proposition that plaintiff had an obligation to take steps— such as hiring counsel in another state—to preserve defendants' rights. Accordingly, we conclude that Newcomb and Nevins are not necessary parties to this action (*see Sarubbi v Rinaldo*, 98 AD2d 837, 838 [1983]; *Kunker v Cohn, Yaguda, Cronin Realty*, 74 AD2d 983, 983 [1980]; *see also Marine Midland Bank v Berley*, 90 AD2d 646, 646 [1982]).

Turning to defendants' substantive arguments, we hold that

Supreme Court correctly denied summary judgment. Material questions of fact exist as to whether defendants enjoy the status of good faith purchasers (*see Morrocoy Marina v Altengarten*, 120 AD2d 500, 501 [1986]). Defendants allege that they were informed that plaintiff's contract was cancelled prior to taking title to the property but this bare allegation, in the face of plaintiff's claim that he put defendants on notice of his intention to continue to assert his rights under the contract, is insufficient to establish defendants as bona fide purchasers as a matter of law (*see Yen-Te Hsueh Chen v Geranium Dev. Corp*, 243 AD2d 708, 709 [1997], *lv dismissed* 91 NY2d 921 [1998]; *Pollack v Viele*, 273 App Div 871, 871 [1948], *affd* 298 NY 670 [1948]).

Likewise, defendants have failed to demonstrate that plaintiff is precluded, as a matter of law, from obtaining specific performance based on the theories of unclean hands, waiver, latches or estoppel. Each of these defenses is premised on plaintiff's failure to preserve his claims against Newcomb and Nevins and thus protect defendants' interests. Given our view that plaintiff was not under any obligation to pursue his claims against Newcomb and Nevins and the absence of any other record evidence, at this juncture, to demonstrate the elements of these defenses, we conclude that Supreme Court appropriately denied defendants' motion.

Crew III, J.P., Peters and Lahtinen, JJ., concur; Kane, J., not taking part. Ordered that the order is affirmed, with costs.