■ YELLOW BOOK OF NEW YORK, INC., Formerly Known as YELLOW BOOK OF NEW YORK, L.P., Respondent, v JACK SHELLEY, Appellant, et al., Defendants. [904 NYS2d 216]—

In an action to recover damages for breach of contract, the defendant Jack Shelley appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Mahon, J.), entered February 24, 2009, as, upon an order of the same court dated December 4, 2008, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against him, is in favor of the plaintiff and against him in the principal sum of $39,109.09.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant Jack Shelley, who is the president of the corporate defendant 2 Shell Interiors, Inc., doing business as All Commercial Construction Co. (hereinafter 2 Shell), signed certain advertising contracts with the plaintiff. There was a notation under the signature line on each contract which recited that the signatory was signing "Individually and for the Company," and directed the signatory to read a clause on the reverse side of the particular contract. The clause in question in each of the respective contracts explicitly provided that the signatory of the contract agreed to accept personal liability for full performance. The contracts further provided that no oral agreements could alter the contract terms.

The plaintiff commenced this action to recover damages for breach of the contracts, and moved for summary judgment on the complaint against both Shelley and 2 Shell. In opposition to the motion, Shelley claimed that he told the plaintiff's representatives that he was signing only for the company and not individually. The Supreme Court granted the plaintiff's motion in its entirety. On appeal, Shelley argues that he is not individually liable pursuant to the contracts. We reject his contention.

An agent who signs an agreement on behalf of a disclosed principal will not be held liable for its performance unless the agent clearly and explicitly intended to substitute his personal liability for that of his principal (*see Key Equip. Fin. v South Shore Imaging, Inc.*, 69 AD3d 805 [2010]; *Yellow Book of NY v DePante*, 309 AD2d 859, 860 [2003]; *Star Video Entertainment v J & I Video Distrib.*, 268 AD2d 423 [2000]). In the instant case, Shelley, as president of 2 Shell (*see Yellow Book Co. v Mega*, 190 Misc 2d 108 [2001]; *cf. Yellow Book of NY v DePante*, 309 AD2d at 860), explicitly agreed to accept personal liability. Accordingly, the plaintiff, by submitting the signed contracts in connection with its motion, established its entitlement to judgment as a matter of law against Shelley.

Since the written contracts between the parties were unambiguous, parol evidence with respect to a contrary intent was not admissible (*see Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009]; *Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006]). Since Shelley relied on parol evidence in opposition to the plaintiff's motion, he failed to raise a triable issue of fact. Prudenti, P.J., Skelos, Florio and Sgroi, JJ., concur.