■ JAMES McGOWN, Appellant, v KIM ESPOSITO et al., Respondents, et al., Defendants. [941 NYS2d 656]—In an action to recover damages for fraud, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated November 30, 2010, which, upon an order of the same court dated November 5, 2010, granting the motion of the defendants Kim Esposito, John Esposito, Deborah Hanley, and Kiwi Pub Corp. pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, is in favor of those defendants and against him dismissing the complaint insofar as asserted against them. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is reversed, on the law, with costs, the motion of the defendants Kim Esposito, John Esposito, Deborah Hanley, and Kiwi Pub Corp. pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them is denied, the complaint is reinstated insofar as asserted against them, and the order dated November 5, 2010, is modified accordingly.

The material submitted by the defendants Kim Esposito, John Esposito, Deborah Hanley, and Kiwi Pub Corp. (hereinafter collectively the defendants) did not establish that the plaintiff lacked standing to commence this action (*see* CPLR 3211 [a] [3]; *Salzman Sign Co. v Beck*, 10 NY2d 63, 67 [1961]; *Key Equip. Fin. v South Shore Imaging, Inc.*, 69 AD3d 805 [2010]; *Dulik v Amante*, 173 AD2d 674 [1991]; cf. *Quatrochi v Citibank*, 210 AD2d 53 [1994]; *General Motors Acceptance Corp. v Kalkstein*, 101 AD2d 102 [1984]). The defendants' remaining contentions are without merit. Accordingly, the Supreme Court erred in granting the defendants' motion pursuant CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.