■ BOND SAFEGUARD INSURANCE COMPANY et al., Appellants, v ALEXANDER FORKOSH, Respondent, et al., Defendant. [967 NYS2d 747]—

In an action, inter alia, to recover damages for breach of an indemnification agreement, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated October 28, 2011, as denied their motion for summary judgment awarding damages in the sum of $3,874,953.91 on the first and fourth causes of action insofar as asserted against the defendant Alexander Forkosh, and for leave to make an application to the Supreme Court, upon sustaining future losses, for judgment against Alexander Forkosh in the amount of such losses.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment awarding damages in the sum of $3,874,953.91 on the first and fourth causes of action insofar as asserted against the defendant Alexander Forkosh, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The plaintiffs, as sureties, issued escrow deposit bonds on behalf of the defendant Mansiana Ocean Residences, LLC (hereinafter Mansiana), a company created for the purpose of constructing a condominium complex in Florida. The defendant Alexander Forkosh, who is Mansiana's managing member, signed an indemnity agreement in connection with the issuance of the bonds.

Mansiana initially paid bond premiums, charged at a rate of 4.5% of the bond amounts, but thereafter stopped paying the premiums. In addition, when the condominium project stalled, the plaintiffs made various payments, under the bonds, to prospective purchasers of condominium units.

Relying on the indemnity agreement, the plaintiffs then commenced this action against Forkosh and Mansiana, seeking, in their first and fourth causes of action, to recover the amount that they had paid the prospective purchasers under the bonds and the unpaid bond premiums. Thereafter, the plaintiffs moved for summary judgment in the amount of $3,874,953.91 on the first and fourth causes of action insofar as asserted against Forkosh and for leave to make an application to the Supreme Court, upon sustaining future losses, for judgment against Alexander Forkosh in the amount of such losses. The Supreme Court denied the plaintiffs' motion.

The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on their first and fourth causes of action insofar as asserted against Forkosh. In particular, contrary to Forkosh's contention, the plaintiffs demonstrated, prima facie, that he signed the indemnity agreement in his individual capacity, such that he could be held personally liable under the agreement. "An agent who signs an agreement on behalf of a disclosed principal will not be held liable for its performance unless the agent clearly and explicitly" assumes such personal liability (*Yellow Book of N.Y., Inc. v Shelley*, 74 AD3d 1333, 1334 [2010]; *see Yellow Book of NY v DePante*, 309 AD2d 859, 860 [2003]). Here, the indemnity agreement refers to "indemnitors" in the plural, and Forkosh signed the agreement twice, in the place designated for the "Name of Indemnitors." The first signature was preceded by the name of the corporation, was followed by Forkosh's title, i.e., Managing Member, and was adjacent to the corporate mailing address. The second signature was not preceded by the name of the corporation, but by the word "individually," and was adjacent to Forkosh's home address. The agreement therefore unambiguously demonstrated that Forkosh, a sophisticated business person, clearly and explicitly intended to assume personal responsibility as an indemnitor under the agreement (*see Dulik v Amante*, 173 AD2d 674 [1991]; *see also Yellow Book of N.Y., Inc. v Shelley*, 74 AD3d at 1334; *cf. Olim Realty v Lanaj Home Furnishings*, 65 AD3d 1318, 1320 [2009]; *see generally Salzman Sign Co. v Beck*, 10 NY2d 63 [1961]).

In opposition, Forkosh failed to raise a triable issue of fact. Since the written contract between the parties was unambiguous, parol evidence with respect to a contrary intent was not admissible (*see Yellow Book of N.Y., Inc. v Shelley*, 74 AD3d at 1335; *Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009]).

The parties' remaining contentions are without merit.

Accordingly, the plaintiffs are entitled to summary judgment on the first and fourth causes of action insofar as asserted against Forkosh. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.