Gray v Doyle (2019 NY Slip Op 02071)





Gray v Doyle


2019 NY Slip Op 02071


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-00918
 (Index No. 2860/16)

[*1]William C. Gray, appellant,
v
James W. Doyle, et al., defendants.


Torino & Bernstein, P.C., Mineola, NY (Catherine N. Gray of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered December 8, 2016. The judgment, insofar as appealed from, upon an order of the same court entered September 16, 2016, inter alia, denying that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendant James W. Doyle, failed to award the plaintiff damages against the defendant James W. Doyle.
ORDERED that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant James W. Doyle is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.
On February 8, 2016, the plaintiff entered into a "letter of agreement" with the defendants, Endeavor Management Solutions, LLC (hereinafter the LLC), and James W. Doyle, whereby the LLC promised to repay the plaintiff the sum of $20,000 with interest on March 8, 2016. The first paragraph of the agreement listed the LLC with its address in Manhattan, Doyle as "personal guarantor" with his home address in Hartsdale, and the plaintiff as "investor" with his home address in Rockville Centre. The final paragraphs of the agreement stated, "IN WITNESS WHEREOF, Endeavor Management Solutions, LLC, and Mr. James W. Doyle duly affix their signature this 8th day of February 2016. SIGNED AND DELIVERED This 8th day of February 2016." The end of the agreement listed the LLC and was signed by Doyle on a line, below which was preprinted "James W. Doyle[,] Senior Managing Director."
On April 15, 2016, the plaintiff commenced this action alleging breach of the agreement. When the defendants failed to appear or answer the complaint, the plaintiff moved for leave to enter a default judgment against the defendants. The defendants failed to oppose the motion. In an order entered September 16, 2016, the Supreme Court granted that branch of the motion which was for leave to enter a default judgment against the LLC and denied that branch of the motion which was for leave to enter a default judgment against Doyle. On December 8, 2016, the court entered a judgment in favor of the plaintiff and against only the LLC in the principal sum of $22,000 and failed to award the plaintiff damages against Doyle. The plaintiff appeals.
"On a motion for leave to enter judgment against a defendant for the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts [*2]constituting its claim, and proof of the defendant's default" (Triangle Props. #2, LLC v Narang, 73 AD3d 1030, 1032; see CPLR 3215[f]; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785; Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable" (Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71).
In support of his motion, the plaintiff submitted a copy of the complaint, in which he verified that he entered into the agreement with the LLC and Doyle, as personal guarantor, and the signed agreement, which confirmed the allegations in the complaint. These submissions were sufficient to establish that a viable cause of action existed against Doyle (see CPLR 105[u]; Woodson v Mendon Leasing Corp., 100 NY2d at 70-71; Tarrytown Professional Ctr., Inc. v Family Medicine of Tarrytown & Ossining, LLP, 93 AD3d 712, 713; Yellow Book of N.Y., Inc. v Shelley, 74 AD3d 1333, 1334; Florence Corp. v Penguin Constr. Corp., 227 AD2d 442, 443). Furthermore, the plaintiff submitted proof of service of the summons and complaint upon Doyle (see CPLR 308[2]; 3215[g][3][i]) and an attorney's affirmation attesting to the fact that Doyle had failed to timely appear or answer the complaint (see CPLR 3215[f]). Accordingly, that branch of the plaintiff's motion which was for leave to enter a default judgment against Doyle should have been granted.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court