(January 16, 1992)

■ AMERICAN MEDIA CONCEPTS, INC., et al., Respondents, v ATKINS PICTURES, INC., Also Known as A-PIX, Defendant, and RICHARD ATKINS et al., Appellants.

Plaintiffs alleged that defendants Atkins and Karo agreed to

produce a motion picture, "Forced March". They formed defendant Atkins Pictures, Inc., also known as A-Pix as the production entity. Plaintiffs assert that because of plaintiff Hochman's efforts in bringing the owner of the rights to the film together with defendants and his participation, the individual defendants orally agreed to compensate him. Thus, Karo sent Hochman a letter, dated June 22, 1987, setting forth the oral agreement. The letter is on A-Pix stationery, listing Atkins as President. Atkins advised Hochman of compensation due, which consisted of a share in A-Pix's net profit, sales fees and various shares of stock and stock options. The plaintiffs further allege that the agreement between the parties was revised in a letter dated November 4, 1988. This letter addressed to Hochman over Karo's signature, to "summarize the agreement between American Media Concepts Inc. and A-Pix, for your participation in the FORCED MARCH film project", provided that, pursuant to discussions, A-Pix agreed to guarantee payment of $40,000 to American Media Concepts, Inc. in eight monthly installments, which would be "a complete fulfillment of A-Pix's obligation to American Media Concepts, Inc."

Plaintiffs allege causes of action against A-Pix, the corporate defendant and against the individual defendants.

The IAS court denied the individual defendants' motion for dismissal of the complaint as to them and the cross-motion by plaintiffs for summary judgment. We reverse as to that portion which denied the individual defendants' motion for dismissal.

As noted above, the two letter agreements, relied upon by plaintiffs, indicate that any contract was only between plaintiffs and A-Pix, the corporate defendant. There is no support, in these letters, for plaintiffs' position that Karo and Atkins intended to be bound personally. A-Pix's agreement "to guarantee the payment" to plaintiffs was clearly a promise to pay rather than a guarantee of payment in the event the individual defendants defaulted. The letter agreements are on corporate letterheads, the corporate titles of the signatories are specifically set forth and the agreements acknowledge "an agreement between you [Hochman] and A-Pix" (June 22nd letter), and "the agreement between American Media Concepts Inc. and A-Pix" (November 4th letter).

The IAS court's finding, that the omission of the individual defendants' corporate titles or the capacity in which they signed from the "signatory portion" of the agreements, when

combined with the plaintiffs' assertions as to the parties' "understanding", was sufficient to defeat defendants' motion for dismissal, was erroneous.

The letterheads contain the defendants' titles and corporate capacities and the body of the agreements acknowledges the contract is between the plaintiffs and A-Pix. As the Court of Appeals said over 30 years ago: "In modern times most commercial business is done between corporations, everyone in business knows that an individual stockholder or officer is not liable for his corporation's engagements unless he signs individually, and where individual responsibility is demanded the nearly universal practice is that the officer signs twice— once as an officer and again as an individual." *(Salzman Sign Co. v Beck,* 10 NY2d 63, 67.) The court found in *Salzman* that signing officers could not be bound individually "without some direct and explicit evidence of actual intent". *(Supra,* at 67.)

Not only is there no such "explicit evidence" that defendants herein intended to be individually bound, the terms of the letter agreements, upon which plaintiffs bring this action, expressly bind the corporate defendant only. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.