■ STAR VIDEO ENTERTAINMENT, L.P., Appellant, v J & I VIDEO DISTRIBUTING, INC., et al., Respondents. [702 NYS2d 91] —In an action, *inter alia*, to recover damages for goods sold and delivered, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered February 25, 1999, as denied those branches of its motion which were for summary judgment on the second cause of action to recover on an account stated, and the third cause of action to recover on the guarantee of the individual defendant, James Lyman.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the second cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff, Star Video Entertainment, L.P. (hereinafter Star) made a prima facie showing that it is entitled to judgment as a matter of law on its second cause of action to recover on an account stated. The evidence established that Star sent certain invoices to the defendant J & I Video Distributing, Inc. (hereinafter J & I), for goods sold and delivered, that J & I retained the invoices without objecting to them within a reasonable time, and that $56,617.21 remained unpaid (*see, Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 154; *Rona-Tech Corp. v LeaRonal, Inc.,* 254 AD2d 473; *Werner v Nelkin,* 206 AD2d 422; *Jim-Mar Corp. v Aquatic Constr.,* 195 AD2d 868; *Cibro Petroleum Prods. v Onondaga Oil Co.,* 144 AD2d 152; *Marino v Watkins,* 112 AD2d 511). J & I failed to raise a triable issue of fact that it had not defaulted in payment. The conclusory allegation of the defendant James Lyman that Star agreed to accept returns of the same or similar merchandise as payment in full for the videotapes sold to J & I was unsupported by evidence in the record. Accordingly, Star was entitled to summary judgment on its second cause of action in the amount of $56,617.21.

There are, however, triable issues of fact on Star's third cause of action alleging that Lyman is individually liable for the debt of J & I. It is well settled that an agent who signs an agreement on behalf of a disclosed principal will not be held responsible for its performance unless there is clear and explicit evidence of the agent's " 'intention to substitute or su-

peradd his personal liability for, or to, that of his principal'" (*Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4-6; *Salzman Sign Co. v Beck,* 10 NY2d 63, 67; *Mencher v Weiss,* 306 NY 1, 4; *American Media Concepts v Atkins Pictures,* 179 AD2d 446; *Paribas Props. v Benson,* 146 AD2d 522). An untitled portion of the credit application on behalf of J & I provides that "the undersigned personally guarantees payment of the account". Although Lyman signed his name, followed by the word "Pres", the record indicates that there is a triable issue as to whether Lyman may be held personally liable on the basis of that signature (*see, Savoy Record Co. v Cardinal Export Corp., supra*; *Salzman Sign Co. v Beck, supra*; *Florence Corp. v Penguin Constr. Corp.,* 227 AD2d 442; *American Media Concepts v Atkins Pictures,* 179 AD2d 446). Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.