■ YELLOW BOOK OF NY, LP, Respondent, v DOMINICK DePANTE et al., Appellants. [766 NYS2d 44] —In an action to recover money due under two advertising contracts, the defendants appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated October 16, 2002, which granted the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting

the provision granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Dominick DePante and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the defendant Dominick DePante.

The individual defendant, Dominick DePante, an office manager employed by the corporate defendant, Boulevard Carriage Corporation, printed and signed his name on the face of two advertising form contracts executed on behalf of the corporate defendant. A clause on the reverse side of the contract provided that "the signer of the contract, does, by his execution of this agreement, personally undertake and assume the full performance hereof including payments of amounts due hereunder." An agent who signs an agreement on behalf of a disclosed principal will not be held liable for its performance unless the agent clearly and explicitly intended to substitute his personal liability for that of his principal (see Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4-6 [1964]; Salzman Sign Co. v Beck, 10 NY2d 63, 67 [1961]; Star Video Entertainment v J & I Video Distrib., 268 AD2d 423 [2000]; American Media Concepts v Atkins Pictures, 179 AD2d 446 [1992]; Paribas Props. v Benson, 146 AD2d 522 [1989]). Although DePante printed his name beside the corporation's name and signed the form contracts, there is a triable issue of fact as to whether he should be held personally liable for the amounts due under these advertising agreements (see Bank of N.Y. v Zator, 274 AD2d 488 [2000]; Star Video Entertainment v J & I Video Distrib., supra; American Media Concepts v Atkins Pictures, supra; cf. Florence Corp. v Penguin Constr. Corp., 227 AD2d 442 [1996]). Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.