■ DUANE READE, Appellant, v HIGHPOINT ASSOCIATES IX, LLC, Respondent, et al., Defendants. [829 NYS2d 454]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered April 4, 2006, which denied plaintiff's motion to renew its prior motion seeking summary judgment on its first cause of action and for dismissal of Highpoint's counterclaim for legal fees, unanimously reversed, on the law, with costs, the motion to renew granted and upon renewal, plaintiff's motion for summary judgment on its first cause of action and dismissing defendant's first counterclaim for its attorneys' fees granted. Appeal from order entered March 14, 2005, which, insofar as appealed from, denied plaintiff's motion for summary judgment on its first cause of action, unanimously dismissed, without costs, as academic, in view of the foregoing.

In light of plaintiff's timely cure of its default while the *Yellowstone* injunction was in effect (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508 [1999]), the owner, as a matter of law, had no remaining viable claim to terminate the lease under the notice, and plaintiff was entitled to the sought declaration that it is not in breach of its lease with defendant landlord as set forth in the landlord's notice of default (*see Thompson v 490 W. End Apts. Corp.*, 252 AD2d 430, 435-437 [1998], *lv denied* 92 NY2d 814 [1998]; *Empire State Bldg. Assoc. v Trump Empire State Partners*, 245 AD2d 225, 229 [1997]; *Souslian Wholesale Beer & Soda v 380-4 Union Ave. Realty Corp.*, 166 AD2d 435, 437-438 [1990], *lv*

*denied* 78 NY2d 858 [1991]; *Heavy Cream v Kurtz,* 146 AD2d 672, 673 [1989]). This is so regardless of whether plaintiff was aware, when entering into the sublease, that the sublessee intended to use the premises for a non-permitted purpose.

It is the lease provisions themselves that define the parties' rights (*see Graubard Mollen, supra* at 515). Article 17 (1), (2), and section 57 (A), (D) and (E) of the lease unambiguously define the scope of the tenant's right to cure and the landlord's ability to terminate the lease upon default, and direct that the landlord must give a tenant a written 15-day notice to cure and may terminate the lease only if the tenant fails to cure within that period, after a written notice of cancellation is served. Since the tolling period afforded by a *Yellowstone* injunction can also be used to extend tenant's time to cure if the cure could not be completed within the prescribed period (*see Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership,* 224 AD2d 591 [1996]), plaintiff is correct that the origins of the default are irrelevant, as is Highpoint's claim that plaintiff breached the implied covenant of good faith. Having completely cured the default identified in the notice, plaintiff is entitled to the declaratory relief it seeks, i.e., a declaration that because S & J has vacated, it "is not in default upon the grounds stated in the Highpoint Notice of Default" and that Highpoint "is precluded from terminating the Lease upon th[ose] grounds" (*see Empire State Bldg. Assoc., supra*). As we stated in our prior decision in this matter, "the existence of the subtenant's business operation itself constituted the violation, and only termination of that sublease would satisfy the obligation to cure" (1 AD3d 276, 277 [2003]). Plaintiff has cured by terminating the sublease and the declaratory relief requested should have been granted.

The counterclaim for attorneys' fees should have been dismissed. The relied-upon lease provisions do not support the landlord's claim for an award of attorneys' fees under these circumstances (*see Popyork, LLC v 80 Ct. St. Corp.,* 23 AD3d 538 [2005]). Legal fee clauses must be strictly construed (*see Gottlieb v Such,* 293 AD2d 267, 268 [2002], *lv denied* 98 NY2d 606 [2002]). Highpoint is not entitled to fees under article 19 of the lease because the section is narrowly worded to permit recovery only where the landlord incurs fees in connection with the landlord's performance of the tenant's obligations under the lease, or where the tenant defaults in the payment of rent, neither of which occurred here (*see Frank B. Hall & Co. of N.Y. v Orient Overseas Assoc.,* 84 AD2d 338 [1982], *affd* 56 NY2d 965 [1982]). Article 77 of the rider to the lease is similarly inappli-

cable. It is intended to protect the landlord from expending fees only in those situations where it was forced into litigation as a result of being joined as a third party in an action involving the tenant. To hold the clause applicable to this case would lead to the absurd result of having a litigant defend its adversary by choosing and paying for its counsel (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]). Concur—Saxe, J.P., Sullivan, Nardelli, Sweeny and Malone, JJ.