■ YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC., Respondent, v PAUL W. MANTINI et al., Appellants. [925 NYS2d 646]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Galasso, J.), dated November

7, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against the defendant Paul W. Mantini, and granted the plaintiff's cross motion for summary judgment on the complaint, and (2) a judgment of the same court entered January 23, 2010, upon the order, which is in favor of the plaintiff and against them in the total sum of $394,841.53. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding judgment in favor of the plaintiff and against the defendant Paul W. Mantini; as so modified, the judgment is affirmed, without costs or disbursements, so much of the order as granted those branches of the plaintiff's cross motion which were for summary judgment on the fourth and fifth causes of action against the defendant Paul W. Mantini is vacated, those branches of the plaintiff's motion which were for summary judgment on the fourth and fifth causes of action are denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant Champion Locksmith, Inc. (hereinafter Champion), entered into certain advertising contracts with the plaintiff. The defendant Paul W. Mantini executed many of the contracts on behalf of Champion. After Champion failed to remit payment on various invoices issued pursuant to the contracts, the plaintiff commenced this action against Champion and Mantini, inter alia, to recover damages for breach of contract. The defendants moved for summary judgment dismissing the complaint insofar as asserted against Mantini, contending that he executed the contracts exclusively in a representative capacity and was not individually liable thereon. The plaintiff cross-moved for summary judgment on the complaint against both defendants. The Supreme Court denied the defendants' motion and granted the plaintiff's cross motion, subsequently rendering a judgment in favor of the plaintiff and against the defendants in the total sum of $394,841.53. We now modify the judgment and vacate that part of the underlying order which granted the plaintiff summary judgment on those

causes of action asserted against the defendant Mantini, and we remit the matter to the Supreme Court, Nassau County, for further proceedings on those causes of action.

While the denial of the defendants' motion for summary judgment dismissing the complaint insofar as asserted against Mantini was proper, we disagree with the Supreme Court's determination that Mantini failed to sustain his prima facie burden on the motion. "An agent who signs an agreement on behalf of a disclosed principal will not be held liable for its performance unless the agent clearly and explicitly intended to substitute his personal liability for that of his principal" (*Yellow Book of N.Y., Inc. v Shelley*, 74 AD3d 1333, 1334 [2010]; *see Key Equip. Fin. v South Shore Imaging, Inc.*, 69 AD3d 805 [2010]; *Star Video Entertainment v J & I Video Distrib.*, 268 AD2d 423 [2000]). Here, Mantini's submissions on the motion sufficed to establish circumstances negating his personal liability on those contracts that he executed. However, the plaintiff raised a triable issue of fact in opposition to the motion, thus requiring a trial of the claims against Mantini (*see Yellow Book of NY v DePante*, 309 AD2d 859, 860 [2003]). For the same reason, the Supreme Court should have denied that branch of the plaintiff's cross motion which was for summary judgment against Mantini.

With regard to that branch of the cross motion which was for summary judgment against Champion, the plaintiff's submission of the signed written contracts and certain regularly issued and unpaid invoices demonstrated its prima facie entitlement to judgment as a matter of law on its causes of action asserted against Champion (*see Castle Oil Corp. v Bokhari*, 52 AD3d 762 [2008]; *American Express Centurion Bank v Williams*, 24 AD3d 577, 577-578 [2005]; *George S. May Intl. Co. v Thirsty Moose, Inc.*, 19 AD3d 721, 722 [2005]; *Bell Atl. Yellow Pages Co. v Padded Wagon*, 292 AD2d 317, 318 [2002]), including its contractual claim for an attorney's fee (*see 8109 Pizzeria of N.Y., Inc. v Polo Pizza One Corp.*, 67 AD3d 627, 629 [2009]; *Luis Lopez & Son's, Inc. v Dannie's Auto Care*, 61 AD3d 643 [2009]). In opposition, Champion failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment against Champion.

The defendants' remaining contentions are without merit. Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.