■ STAMINA PRODUCTS, INC., Respondent-Appellant, v ZINTEC USA, INC., et al., Respondents, and ANTHONY YAU, Appellant-Respondent. [935 NYS2d 629]—

A corporate officer who executes a contract acting as an agent for a disclosed principal is not liable for a breach of the contract unless it clearly appears that he or she intended to bind himself or herself personally (*see Salzman Sign Co. v Beck*, 10 NY2d 63, 65 [1961]; *Yellow Book Sales & Distrib. Co., Inc. v Mantini*, 85 AD3d 1019, 1021 [2011]; *Weinreb v Stinchfield*, 19 AD3d 482, 483 [2005]; *Star Video Entertainment v J & I Video Distrib.*, 268 AD2d 423 [2000]). There must be "clear and explicit evidence of the agent's 'intention to substitute or superadd his personal liability for, or to, that of his principal' " (*Star Video Entertainment v J & I Video Distrib.*, 268 AD2d at 423-424, quoting *Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964]; *see Yellow Book Sales & Distrib. Co., Inc. v Mantini*, 85 AD3d at 1021).

Here, the individual defendant, Anthony Yau, made a prima facie showing of his entitlement to judgment as a matter of law by submitting evidentiary proof that he signed the subject agreement on behalf of a disclosed principal, the defendant Zintec USA, Inc., solely in his capacity as a corporate officer, and did not purport to bind himself individually under the agreement (*see Georgia Malone & Co., Inc. v Rieder*, 86 AD3d 406, 408 [2011]; *Stern v H. DiMarzo, Inc.*, 77 AD3d 730, 731 [2010]; *Khiyayev v MikeSad Enters., Inc.*, 66 AD3d 845, 846 [2009]; *Wiernik v Kurth*, 59 AD3d 535, 537 [2009]; *Colucci v AFC Constr.*, 54 AD3d 798, 799 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Weinreb v Stinchfield*, 19 AD3d at 483; *John Holzer Assoc. v Orta*, 250 AD2d 737 [1998]). Accordingly, the Supreme Court should have granted Yau's motion for summary judgment dismissing the complaint insofar as asserted against him.

However, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the complaint. The plaintiff failed to make a prima facie showing of its entitlement to judgment as a matter of law, since it failed to demonstrate that its assignor supplied conforming materials and properly performed the services required under the terms of the assignor's written agreement with the defendant Zintec USA, Inc. (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985];

*MPEG LA, LLC v Audiovox Elecs. Corp.*, 84 AD3d 1189, 1190 [2011]; *McMahan v McMahan*, 66 AD3d 970 [2009]). Since the plaintiff failed to meet its prima facie burden, we need not consider the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *MPEG LA, LLC v Audiovox Elecs. Corp.*, 84 AD3d at 1190). Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.