■ Ho Sports, Inc., Respondent, v Meridian Sports, Inc., Defendant, and Perette Ross, Appellant. [939 NYS2d 140]—

The plaintiff commenced this action, inter alia, to recover on an account stated and a personal guarantee. The plaintiff sought to recover against the defendant Meridian Sports, Inc. (hereinafter the corporate defendant), and against the defendant Perette Ross (hereinafter the individual defendant).

The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the individual defendant. In support of the motion, the plaintiff submitted a dealer agreement it entered into with the corporate defendant and a series of unpaid invoices. It also submitted an application for credit which allegedly contained a personal guarantee signed by the individual defendant. The individual defendant opposed the motion, contending, among other things, that the credit application was insufficient to render her personally liable for the corporate defendant's debts.

The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the individual defendant. Thereafter, judgment was entered in favor of the plaintiff and against, among others, the individual defendant in the total sum of $97,495.92.

Initially, we note that the individual defendant previously appealed from the order dated May 20, 2010, upon which the judgment appealed from was entered. That appeal was dismissed by this Court for failure to prosecute. While the individual defendant ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350, 353 [1976]), under the circumstances of this case, we exercise our discretion to determine the issues raised on the instant appeal (see Faricelli v TSS Seedman's, 94 NY2d 772, 774 [1999]; Scalcione v Winthrop Univ. Hosp., 53 AD3d 605, 606 [2008]; Sharp v Sharp, 27 AD3d 639 [2006]).

On the merits, the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law against the individual defendant, as alleged personal guarantor of the corporate debts evinced by the allegedly unpaid invoices. "A corporate officer who executes a contract acting as an agent for a disclosed principal is not liable for a breach of the contract unless it

clearly appears that he or she intended to bind himself or herself personally" (*Stamina Prods., Inc. v Zintec USA, Inc.*, 90 AD3d 1021, 1022 [2011]). There must be "clear and explicit evidence of the agent's 'intention to substitute or superadd his personal liability for, or to, that of his principal' " (*Star Video Entertainment v J & I Video Distrib.*, 268 AD2d 423, 423-424 [2000] [some internal quotation marks omitted], quoting *Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964]; *see Yellow Book Sales & Distrib. Co., Inc. v Mantini*, 85 AD3d 1019, 1021 [2011]).

Here, the plaintiff contends that the credit application contains an enforceable personal guarantee. The relevant portion of the credit application recites that "[a]ny married person who signs this guaranty hereby expressly agrees that recourse may be had against that person's separate property for all of that person's obligations under this guarantee." The purported guarantee is insufficient, as a matter of law, to constitute "clear and explicit evidence" of the individual defendant's intention to be personally bound by the credit agreement (*see Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d at 6-7; *Yellow Book of NY v DePante*, 309 AD2d 859, 860 [2003]; *Bank of N.Y. v Zator*, 274 AD2d 488 [2000]; *Star Video Entertainment v J & I Video Distrib.*, 268 AD2d at 424). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the individual defendant, without considering the sufficiency of the individual defendant's opposition papers. Further, under the circumstances of this case, we award summary judgment to the individual defendant dismissing the complaint insofar as asserted against her pursuant to our authority to search the record and award summary judgment to the nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see Blair v O'Donnell*, 85 AD3d 954, 956-957 [2011]; *accord Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d at 6-7). Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.