■ YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC., Respondent, v ON CALL PLUMBING & HEATING, INC., et al., Appellants. [945 NYS2d 140]—

In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 13, 2011, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Charles A. Cafiso.

Ordered that the appeal by the defendant On Call Plumbing & Heating, Inc., is dismissed, as it is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Charles A. Cafiso, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Charles A. Cafiso is denied.

"An agent who signs an agreement on behalf of a disclosed principal will not be held liable for its performance unless the agent clearly and explicitly intended to substitute his personal liability for that of his principal" (Yellow Book Sales & Distrib. Co., Inc. v Mantini, 85 AD3d 1019, 1021 [2011] [internal quotation marks omitted]; see Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4-6 [1964]; Salzman Sign Co. v Beck, 10 NY2d 63, 67 [1961]; Ho Sports, Inc. v Meridian Sports, Inc., 92 AD3d 915, 916-917 [2012]; Stamina Prods., Inc. v Zintec USA, Inc., 90 AD3d 1021, 1022 [2011]). Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law against the defendant Charles A. Cafiso, who executed the advertising contract with the plaintiff on behalf of the defendant On Call Plumbing & Heating, Inc., because a triable issue of fact exists as to whether he may be held personally liable on that contract (see Ho Sports, Inc. v Meridian Sports, Inc., 92 AD3d at 917; Yellow Book Sales & Distrib. Co., Inc. v Mantini, 85 AD3d at 1021; Yellow Book of NY v DePante, 309 AD2d 859, 860 [2003]; Star Video Entertainment v J & I Video Distrib., 268 AD2d 423 [2000]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Cafiso. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur. **[Recalled and vacated, see 2012 NY Slip Op 75315(U).]**