■ GMS BATCHING, INC., Respondent, v TADCO CONSTRUCTION CORPORATION et al., Appellants, et al., Defendants. [992 NYS2d 264]—

In an action, inter alia, to recover damages for breach of contract, the defendants TADCO Construction Corporation and Frank DeMartino appeal from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered June 13, 2012, which, upon a decision of the same court dated February 28, 2012, made after a nonjury trial, is in favor of the plaintiff and against them in the sum of $231,982.

Ordered that the judgment is modified, on the law, by deleting the award in favor of the plaintiff and against the defendant Frank DeMartino, and substituting therefor a provision dismissing the complaint insofar as asserted against that defendant; as so modified, the judgment is affirmed, without costs or disbursements.

On September 20, 2005, the plaintiff, GMS Batching, Inc.,

delivered to the defendant TADCO Construction Corporation (hereinafter TADCO) a proposal to provide ready-mix concrete for TADCO's use in a construction project. The plaintiff alleged that, as part of the proposal setting forth its prices for concrete and delivery charges, it supplied TADCO with a credit agreement, which specified the terms of payment. The credit agreement was executed by TADCO's president, the defendant Frank DeMartino, on October 18, 2005. After TADCO failed to make payment on certain invoices for concrete provided and delivered to the project site, the plaintiff commenced this action seeking, inter alia, to recover damages against TADCO for breach of contract, and against DeMartino on his alleged personal guaranty of TADCO's obligations. In their answer to the plaintiff's second amended complaint, TADCO and DeMartino (hereinafter together the TADCO defendants) admitted that TADCO and the plaintiff had entered into an agreement pursuant to which the plaintiff agreed to furnish and deliver materials to TADCO for its use in the subject construction project. The TADCO defendants also asserted a counterclaim against the plaintiff, alleging that the plaintiff breached the parties' contract by delivering defective and nonconforming materials and by failing to timely deliver materials.

The action was initially referred to a judicial hearing officer (hereinafter the J.H.O.), as referee, to hear and report. After taking testimony on July 30, 2010, the referee issued a decision that concluded that the causes of action against the TADCO defendants should be resolved in favor of the TADCO defendants, and recommending dismissal of the complaint insofar as asserted against them. However, the J.H.O. thereafter noted that the order of reference directed her to hear and report, and not to hear and determine, and that she had inadvertently issued a decision determining the merits of the plaintiff's claims in the absence of the plaintiff's consent to do so. Thus, on September 30, 2010, the referee issued a brief report vacating her prior decision, and summarizing the parties' contentions, without making any findings of fact or recommendations. The plaintiff subsequently moved pursuant to CPLR 4403 to compel the Supreme Court to make new and additional findings, and the defendants cross-moved to compel the Supreme Court to make findings consistent with those made by the J.H.O. in her July 2010 decision. In an order entered August 25, 2011, the Supreme Court (Schulman, J.) denied the motion and cross motion, and directed a new trial, noting that the J.H.O. had vacated her July 2010 decision, and had declined to make any findings or come to any conclusions in her September 2010 report. Thereafter, at the conclusion of a nonjury trial, the Supreme Court

(Kitzes, J.) found in favor of the plaintiff on its causes of action against the TADCO defendants, concluding that the plaintiff and TADCO had entered into an enforceable contract, and that DeMartino had personally guaranteed TADCO's obligations pursuant to the terms set forth in the credit agreement.

Contrary to the TADCO defendants' contention, the Supreme Court did not improvidently exercise its discretion in directing a new trial instead of making findings and conclusions based upon the testimony and evidence presented to the J.H.O. Pursuant to CPLR 4403, the Supreme Court has the power to "confirm or reject, in whole or in part . . . the report of a referee" and may "make new findings with or without taking additional testimony" or "order a new trial or hearing" (see Matter of Frontier Ins. Co., 73 AD3d 36, 42-43 [2010]; Stein v American Mtge. Banking, 216 AD2d 458 [1995]). In light of the J.H.O.'s failure to make findings or conclusions in her September 2010 report, including findings as to the credibility of witnesses, the Supreme Court, which had the ultimate responsibility for determining the matter, properly directed a new trial, as authorized by CPLR 4403.

In reviewing a determination made after a nonjury trial, this Court's power is as broad as the trial court's power, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Applying this standard here, we find no basis to disturb the Supreme Court's determination in favor of the plaintiff on its breach of contract causes of action against TADCO. Although the TADCO defendants maintained at trial that TADCO did not enter into a contract to purchase concrete from the plaintiff, they admitted in their answer to the second verified complaint and in their counterclaim that the parties had indeed entered into such a contract. Facts admitted in a party's pleadings constitute formal judicial admissions, and are conclusive of the facts admitted in the action in which they are made (see Zegarowicz v Ripatti, 77 AD3d 650, 653 [2010]; Figueiredo v New Palace Painters Supply Co. Inc., 39 AD3d 363, 364 [2007]; Falkowski v 81 & 3 of Watertown., 288 AD2d 890 [2001]; Jerome Prince, Richardson on Evidence § 8-215, at 523-524 [Farrell 11th ed 1995]). Moreover, the evidence presented at trial supports the conclusion that the plaintiff and TADCO entered into a contract pursuant to which the plaintiff agreed to provide concrete to TADCO in accordance with the terms set forth in the plaintiff's September 20, 2005, proposal, and a credit agree-

ment attached thereto (*see Cranesville Block Co., Inc. v Spring Apts., LLC,* 53 AD3d 998, 999, 1001 [2008]; *Florida Infusion Servs., Inc. v Alden Surgical Co.,* 23 AD3d 614, 615 [2005]). Further, although TADCO made payment to the plaintiff on some of its invoices, it was uncontroverted that other invoices were not paid, and the TADCO defendants offered no evidence that the concrete supplied was either defective and nonconforming, or untimely delivered.

However, the Supreme Court should have dismissed the complaint insofar as asserted against DeMartino. "A corporate officer who executes a contract acting as an agent for a disclosed principal is not liable for a breach of the contract unless it clearly appears that he or she intended to bind himself or herself personally" (*Stamina Prods., Inc. v Zintec USA, Inc.,* 90 AD3d 1021, 1022 [2011]; *see Salzman Sign Co. v Beck,* 10 NY2d 63, 65 [1961]; *Yellow Book Sales & Distrib. Co., Inc. v Mantini,* 85 AD3d 1019, 1021 [2011]). "There must be clear and explicit evidence of the agent's intention to substitute or superadd his [or her] personal liability for, or to, that of his [or her] principal" (*Stamina Prods., Inc. v Zintec USA, Inc.,* 90 AD3d at 1022 [internal quotation marks omitted]; *see Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1, 4 [1964]; *Star Video Entertainment v J & I Video Distrib.,* 268 AD2d 423, 423-424 [2000]). Here, it does not clearly appear from the evidence offered by the plaintiff that DeMartino intended to bind himself personally by signing the credit agreement in his capacity as TADCO's president (*see Ho Sports, Inc. v Meridian Sports, Inc.,* 92 AD3d 915, 917 [2012]; *Stamina Prods., Inc. v Zintec USA, Inc.,* 90 AD3d at 1022; *Star Video Entertainment v J & I Video Distrib.,* 268 AD2d at 423-424; *cf. Key Equip. Fin. v South Shore Imaging, Inc.,* 69 AD3d 805, 807 [2010]). Further, contractual provisions permitting the prevailing party to recover an award of legal fees must be strictly construed (*see Pickett v 992 Gates Ave. Corp.,* 114 AD3d 740 [2014]; *214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty,* 99 AD3d 988, 990 [2012]; *Duane Reade v Highpoint Assoc. IX, LLC,* 36 AD3d 496, 497 [2007]), and the clause at issue in the credit agreement does not impose personal liability on DeMartino for payment of legal fees.

The parties' remaining contentions are without merit. Eng, P.J., Leventhal, Lott and Roman, JJ., concur.