■ L'AQUILA REALTY, LLC, Respondent, v JALYNG FOOD CORP. et al., Appellants. [50 NYS3d 128]—

Appeal from a judgment of the Supreme Court, Westchester County (James W. Hubert, J.), dated February 21, 2014. The judgment, upon a decision of that court dated December 13, 2013, made after a nonjury trial, is in favor of the plaintiff and against the defendants in the total sum of $1,183,698.38.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the plaintiff and against the defendants Arcedo Valdez and Luchy Fernandez, and substituting therefor a provision dismissing the complaint insofar as asserted against those defendants; as so modified, the judgment is affirmed, without costs or disbursements.

In April 2008, the plaintiff, as landlord, and the defendant Jalyng Food Corp. (hereinafter Jalyng), as tenant, entered into a 15-year commercial lease agreement for store premises located in Mount Vernon (hereinafter the lease). The lease contained a provision pursuant to which the defendants Arcedo Valdez and Luchy Fernandez, the principals of Jalyng, allegedly personally guaranteed Jalyng's performance under the lease. Additionally, pursuant to the lease, Jalyng purchased

existing fixtures and equipment in the premises for $150,000 from the plaintiff.

After Jalyng failed to pay rent, the plaintiff commenced a summary proceeding, and Jalyng was evicted from the premises pursuant to a judgment rendered October 26, 2009. Thereafter, the plaintiff commenced this action, inter alia, to recover damages against Jalyng for breach of the lease, and against Valdez and Fernandez on their alleged personal guarantees of Jalyng's lease obligations. In their verified answer, the defendants asserted, inter alia, a counterclaim against the plaintiff to recover damages for the plaintiff's alleged conversion of the fixtures and equipment. In a decision after a nonjury trial, the Supreme Court, inter alia, determined that the plaintiff was entitled to posttermination damages for Jalyng's breach of the lease, that Valdez and Fernandez had personally guaranteed Jalyng's lease obligations, and that the defendants failed to establish that the plaintiff was liable for conversion of the equipment and fixtures. A judgment was entered upon the decision in favor of the plaintiff and against the defendants in the total sum of $1,183,698.38. The defendants appeal.

In reviewing a determination made after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, bearing in mind that due regard must be given to the trial court, which was in a position to assess the evidence and the credibility of the witnesses (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *DeAngelis v DeAngelis*, 104 AD3d 901, 902 [2013]; *Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]).

Contrary to the defendants' contentions, the Supreme Court's determination to impose posttermination liability upon Jalyng for its breach of the lease was warranted by the facts. "Although an eviction terminates the landlord-tenant relationship, the parties to a lease are not foreclosed from contracting as they please" (*Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995]). "Where a lease provides that a landlord is under no duty to mitigate damages after its reentry by virtue of its successful prosecution of a summary proceeding, and that the tenant remains liable for damages, '[the tenant] remain[s] liable for all monetary obligations arising under the lease' " (*H.L. Realty, LLC v Edwards*, 131 AD3d 573, 575 [2015], quoting *Holy Props. v Cole Prods.*, 87 NY2d at 134). Here, the lease did not obligate the plaintiff to mitigate damages after a dispossession by summary proceeding and specifically provided that

Jalyng would remain liable for rent after eviction. In addition, the lease clearly stated that if Jalyng breached the lease, the plaintiff was not precluded from any other remedy in law or equity. Consequently, the lease did not limit the plaintiff to recovery of only pretermination rent in the event that it commenced a summary eviction proceeding to regain possession of the premises (see *H.L. Realty, LLC v Edwards*, 131 AD3d at 575; *Patchogue Assoc. v Sears, Roebuck & Co.*, 108 AD3d 659, 660-661 [2013]; *Gallery at Fulton St., LLC v Wendnew LLC*, 30 AD3d 221, 222 [2006]).

The Supreme Court's determination that the defendants failed to establish that the plaintiff was liable for conversion of the equipment and fixtures was also warranted by the facts. The defendants did not adduce evidence that they had a superior right of possession (see generally *Eight In One Pet Prods. v Janco Press, Inc.*, 37 AD3d 402, 402 [2007]; *Castaldi v 39 Winfield Assoc.*, 30 AD3d 458, 458 [2006]; *Batsidis v Batsidis*, 9 AD3d 342, 343 [2004]), or that they demanded the equipment and fixtures from the plaintiff prior to the commencement of this action (see *Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 789 [2009]; *Tache-Haddad Enters. v Melohn*, 224 AD2d 213, 213 [1996]; *Apex Ribbon Co. v Knitwear Supplies*, 22 AD2d 766, 767 [1964]). Consequently, the court's finding that the defendants were not entitled to damages on their conversion counterclaim against the plaintiff will not be disturbed.

However, the Supreme Court should have dismissed the complaint insofar as asserted against Valdez and Fernandez. " 'A corporate officer who executes a contract acting as an agent for a disclosed principal is not liable for a breach of the contract unless it clearly appears that he or she intended to bind himself or herself personally' " (*GMS Batching, Inc. v TADCO Constr. Corp.*, 120 AD3d 549, 552 [2014], quoting *Stamina Prods., Inc. v Zintec USA, Inc.*, 90 AD3d 1021, 1022 [2011]; *Yellow Book Sales & Distrib. Co., Inc. v Mantini*, 85 AD3d 1019, 1021 [2011]). "There must be clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal" (*Ho Sports, Inc. v Meridian Sports, Inc.*, 92 AD3d 915, 917 [2012] [internal quotation marks omitted]). The personal guarantee, which was incorporated into the lease as its last provision, was immediately followed by the signatures of Valdez and Fernandez, identified as "Tenant." As the individual defendants only signed the lease as "Tenant" on behalf of their disclosed principal, Jalyng, there was not clear and explicit evidence that they intended to bind themselves personally (see *Salzman Sign Co. v Beck*, 10 NY2d

63, 67 [1961]; *GMS Batching, Inc. v TADCO Constr. Corp.*, 120 AD3d at 552; *Star Video Entertainment v J & I Video Distrib.*, 268 AD2d 423, 423-424 [2000]). Consequently, the court's determination to impose personal liability upon Valdez and Fernandez was not supported by the record.

The defendants' remaining contentions are without merit. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.