Benjamin v Assad (2020 NY Slip Op 04449)





Benjamin v Assad


2020 NY Slip Op 04449


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2017-05885
 (Index No. 7778/16)

[*1]Deborah Benjamin, respondent, 
v
Edward Assad, et al., appellants.


Hannum Feretic Prendergast & Merlino, LLC, New York, NY (David P. Feehan and Kevin J. Stimpfl of counsel), for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Joseph E. Macy and Kaitlyn Costello of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance, the defendants appeal from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered April 27, 2017. The order denied their motion pursuant to CPLR 3211(a) to dismiss the first through sixth and eighth causes of action.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first through third, fifth, and eighth causes of actions and so much of the fourth and sixth causes of action as were predicated on allegations of conduct by the defendants prior to November 1, 2013, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff and the defendants are the owners and residents of neighboring real property. On November 1, 2016, the plaintiff commenced this action, inter alia, to recover damages for tortious interference with real property, intentional infliction of emotional distress, abuse of process, trespass, prima facie tort, private nuisance, and negligence. The defendants moved pursuant to CPLR 3211(a)(5) and (7) to dismiss these causes of action. In an order entered April 27, 2017, the Supreme Court denied the defendants' motion. The defendants appeal.
The Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss as time-barred the abuse of process cause of action to the extent predicated on allegations of conduct by the defendants prior to November 1, 2015 (see CPLR 215[3]; Bittner v Cummings, 188 AD2d 504, 506), and the trespass, prima facie tort, private nuisance, and negligence causes of actions to the extent predicated on allegations of conduct by the defendants prior to November 1, 2013 (see CPLR 214[4]; Jemison v Crichlow, 139 AD2d 332, 336, affd 74 NY2d 726).
The Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, which alleged tortious interference with real property. Assuming arguendo that New York recognizes such a cause of [*2]action (see e.g. Racoosin v LeSchack & Grodensky, P.C., 103 Misc 2d 629, 634 [Sup Ct, NY County), the cause of action as alleged in the complaint was duplicative of the private nuisance cause of action.
The Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, which alleged intentional infliction of emotional distress. "In order to state a cause of action to recover damages for intentional infliction of emotional distress, the complaint must allege conduct that was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . . and [was] utterly intolerable in a civilized community" (Borawski v Abulafia, 117 AD3d 662, 664 [internal quotation marks omitted]; see Baumann v Hanover Community Bank, 100 AD3d 814, 816-817). Here, the plaintiff's allegations that the defendants repeatedly, inter alia, entered upon and caused unspecified damage to her property, complained to her employees about their work on her property, and made feigned complaints to various authorities about her activities on the property do not satisfy that rigorous standard (see Borawski v Abulafia, 117 AD3d at 664).
To the extent not time-barred, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, which alleged abuse of process, since there is no allegation in the instant complaint that any regular process issued as the result of the defendants' complaints to the authorities about her activities on the property (see Julian J. Studley, Inc. v Lefrak, 41 NY2d 881, 883-884; Varela v Investors Ins. Holding Corp., 185 AD2d 309, 310-311, affd 81 NY2d 958; see also Casa de Meadows Inc. [Cayman Is.] v Zaman, 76 AD3d 917, 921; Dobies v Brefka, 273 AD2d 776, 777).
Also, to the extent not time-barred, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the fifth cause of action, which alleged prima facie tort, as the plaintiff failed to allege special damages (see Curiano v Suozzi, 63 NY2d 113, 117; Del Vecchio v Nelson, 300 AD2d 277, 278), and the eighth cause of action, which alleged negligence, as she failed to allege the elements of a negligence cause of action (see generally MVB Collision, Inc. v Allstate Ins. Co., 129 AD3d 1041, 1042).
However, to the extent not time-barred, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action, which alleged private nuisance. The plaintiff sufficiently stated a private nuisance cause of action (see generally Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570-571).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.

2017-05885 DECISION & ORDER ON MOTION
Deborah Benjamin, respondent, v Edward Assad,
et al., appellants.
(Index No. 7778/16)

Motion by the plaintiff, inter alia, to dismiss an appeal from an order of the Supreme Court, Nassau County, entered April 27, 2017, on the ground that it has been rendered academic. By decision and order on motion of this Court dated May 16, 2018, that branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that the appeal has been rendered academic is denied.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court