Giambrone v Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco (2021 NY Slip Op 04597)





Giambrone v Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco


2021 NY Slip Op 04597


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-09232
 (Index No. 602585/16)

[*1]Robert Giambrone, respondent, 
v
Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco, et al., appellants.


Winget, Spadafora & Schwartzberg, LLP, New York, NY (William Winget, Matthew Tracy, and Patrick D. Egan of counsel), for appellant Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco.
Farrell Fritz, P.C., Uniondale, NY (Kevin P. Mulry, Brian P. Corrigan, and Joshua M. Herman of counsel), for appellants Betty Ann Smith and Eric M. Kramer, as co-executors of the estate of John Lowth.



DECISION & ORDER
In an action, inter alia, for an accounting, to impose a constructive trust, for injunctive relief pursuant to CPLR article 63, and to recover damages for breach of contract and the intentional infliction of emotional distress, the defendants Betty Ann Smith and Eric M. Kramer, as co-executors of the estate of John Lowth, appeal, and the defendant Arnone, Lowth, Wilson & Leibowitz, sued herein as Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco separately appeals, from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 31, 2016. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against the estate of John Lowth, and pursuant to CPLR 3211(a)(7) to dismiss the first, fifth, sixth, and seventh causes of action insofar as asserted against the defendant Arnone, Lowth, Wilson & Leibowitz, sued herein as Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the defendants' motion which were pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against the estate of John Lowth, and pursuant to CPLR 3211(a)(7) to dismiss the first, fifth, sixth, and seventh causes of action insofar as asserted against the defendant Arnone, Lowth, Wilson & Leibowitz, sued herein as Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco, are granted.
The defendant Arnone, Lowth, Wilson & Leibowitz, sued herein as Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco (hereinafter Arnone Lowth), is a corporation that specializes in the marketing and sales of life insurance products. John Lowth served as president of Arnone Lowth during the time period that is relevant to this action. In July 2008, Arnone Lowth retained the plaintiff, Robert Giambrone, as a "cold caller" on an independent contractor basis, tasked with making initial contact with prospective clients for the purpose of scheduling a meeting with Lowth to discuss the prospective client's life insurance needs and to eventually close on the sale of such insurance. On March 12, 2009, Lowth, in his capacity as president of Arnone Lowth, executed a Commission Payment Agreement (hereinafter the Agreement) with the plaintiff, memorializing the terms of the plaintiff's compensation arrangement. The plaintiff's employment with Arnone Lowth was terminated in February 2015.
In January 2016, the plaintiff commenced this action against Arnone Lowth and Lowth asserting the following causes of action: an accounting (First Cause of Action), breach of contract (Second Cause of Action), quantum meruit (Third Cause of Action), unjust enrichment (Fourth Cause of Action), temporary restraining order and constructive trust (Fifth Cause of Action), preliminary injunction (Sixth Cause of Action), and intentional infliction of emotional distress (Seventh Cause of Action). The crux of the plaintiff's complaint is that the defendants breached the Agreement by failing to pay him the earned commission on all the files that were called on by him. The defendants moved, unopposed, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against Lowth because he could not be held individually liable for the Arnone Lowth's conduct, and pursuant to CPLR 3211(a)(7) to dismiss the first, fifth, sixth, and seventh causes of action insofar as asserted against Arnone Lowth. By order dated May 31, 2016, the Supreme Court denied the motion. Lowth died during the pendency of this action, and the co-executors of his estate, Betty Ann Smith and Eric M. Kramer, were substituted as defendants in the action. The defendants appeal from the May 31, 2016 order. We reverse.
A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence may only be granted where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88; Bonavita v Government Empls. Ins. Co., 185 AD3d 892). Thus, the defendant bears the burden of demonstrating that the proffered documentary evidence conclusively refutes the plaintiff's factual allegations (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85 [internal quotation marks omitted]; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714).
Here, the defendants submitted the Agreement, the authenticity and contents of which the plaintiff did not dispute, which conclusively established that it was executed by Lowth solely in his corporate capacity, and therefore, that his estate cannot be held liable to the plaintiff in this action, where the allegations of wrongdoing are focused squarely upon the corporate defendant and its failure to abide by the Agreement (see generally Salzman Sign Co. v Beck, 10 NY2d 63, 67; L'Aquila Realty, LLC v Jalyng Food Corp., 148 AD3d 1004, 1006; GMS Batching, Inc. v TADCO Constr. Corp., 120 AD3d 549, 552; Ho Sports, Inc. v Meridian Sports, Inc., 92 AD3d 915, 917; Stamina Prods., Inc. v Zintec USA, Inc., 90 AD3d 1021, 1022; Yellow Book Sales & Distrib. Co., Inc. v Mantini, 85 AD3d 1019, 1021). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against Lowth's estate.
The Supreme Court also should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, for an accounting, and so much of the fifth cause of action as sought to impose a constructive trust, insofar as asserted against Arnone Lowth, because the complaint failed to plead facts demonstrating the existence of a special, confidential, or fiduciary relationship (see Center for Rehabilitation & Nursing at Birchwood, LLC v S & L Birchwood, LLC, 92 AD3d 711; Baer v Complete Off. Supply Warehouse Corp., 89 AD3d 877). The cause of action for an accounting, insofar as asserted against Arnone Lowth, was subject to dismissal pursuant to CPLR 3211(a)(7) for the additional reason that the complaint failed to plead that the plaintiff made a demand for an accounting and that Arnone Lowth failed or refused to provide such an accounting (see Mawere v Landau, 130 AD3d 986; Hart v Scott, 8 AD3d 532).
The Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the fifth cause of action as sought a temporary restraining order and the sixth cause of action, seeking a preliminary injunction, insofar as asserted against Arnone Lowth, because said relief is to be sought in a motion, not as a separate cause of action in the complaint (see CPLR 6312[a]; 6313[a]).
To state a cause of action to recover damages for intentional infliction of emotional [*2]distress, the pleading must allege that "conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [internal quotation marks omitted]; see Benjamin v Assad, 186 AD3d 549, 550). Here, accepting the plaintiff's factual allegations as true, the plaintiff failed to state a cause of action alleging intentional infliction of emotional distress, because the alleged conduct did not, as a matter of law, arise to such an extreme or outrageous level as to meet the threshold requirements for intentional infliction of emotional distress (see Murphy v American Home Prods. Corp., 58 NY2d at 303; Benjamin v Assad, 186 AD3d at 550; Ajie Chen v Deliso, 169 AD3d 761, 762; Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the seventh cause of action, alleging intentional infliction of emotional distress, insofar as asserted against Arnone Lowth.
LASALLE, P.J., CHAMBERS, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court