Westerman Ball Ederer Miller & Sharfstein, LLP v Allstar Elecs., Inc. (2023 NY Slip Op 03374)

Westerman Ball Ederer Miller & Sharfstein, LLP v Allstar Elecs., Inc.

2023 NY Slip Op 03374

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-04306
2020-06342
 (Index No. 603470/13)

[*1]Westerman Ball Ederer Miller & Sharfstein, LLP, appellant, 
v
Allstar Electronics, Inc., defendant, Thomas Laviano, respondent.

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, named herein as Westerman Ball Ederer Miller & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller and Michael E. Plannell of counsel), appellant pro se.
Rubin Law, PLLC, New York, NY (Denise A. Rubin of counsel), for respondent and defendant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered May 6, 2020, and (2) a judgment of the same court entered August 10, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Thomas Laviano which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against him, and denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract insofar as asserted against the defendant Thomas Laviano. The judgment, insofar as appealed from, upon the order, is in favor of the defendant Thomas Laviano and against the plaintiff dismissing the cause of action to recover damages for breach of contract insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Thomas Laviano which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against him is denied, that cause of action is reinstated insofar as asserted against that defendant, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff, a law firm, commenced this action against the defendants, inter alia, to [*2]recover damages for breach of contract. The complaint alleged, among other things, that the defendant Thomas Laviano signed a retainer agreement dated October 3, 2012, both in his capacity as chief executive officer of the defendant Allstar Electronics, Inc., and in his individual capacity, and that the defendants breached the retainer agreement by failing to pay outstanding legal fees.
After discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging breach of contract insofar as asserted against Laviano, and Laviano moved, among other things, for summary judgment dismissing that cause of action insofar as asserted against him. In an order entered May 6, 2020, the Supreme Court granted Laviano's motion and denied the plaintiff's motion. Subsequently, on August 10, 2020, the court entered a judgment, inter alia, in favor of Laviano and against the plaintiff dismissing the cause of action alleging breach of contract insofar as asserted against Laviano. The plaintiff appeals.
"[A] corporate officer who executes a contract acting as an agent for a disclosed principal is not liable for a breach of the contract unless it clearly appears that he or she intended to bind himself or herself personally" (L'Aquila Realty, LLC v Jalyng Food Corp., 148 AD3d 1004, 1006 [internal quotation marks omitted]; see Salzman Sign Co. v Beck, 10 NY2d 63, 67; GMS Batching, Inc. v TADCO Constr. Corp., 120 AD3d 549, 552). "There must be clear and explicit evidence of the agent's intention to substitute or superadd his [or her] personal liability for, or to, that of his [or her] principal" (GMS Batching, Inc. v TADCO Constr. Corp., 120 AD3d at 552 [internal quotation marks omitted]; see Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4).
Under the circumstances of the present case, including the language of the subject retainer agreement and the manner in which the signature lines were laid out and labeled, issues of fact existed as to whether Laviano intended to sign the agreement in both his individual and corporate capacities so as to bind himself personally (cf. Bond Safeguard Ins. Co. v Forkosh, 107 AD3d 750, 751).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract insofar as asserted against Laviano, but should also have denied that branch of that defendant's motion which was for summary judgment dismissing that cause of action insofar as asserted against him.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court