### BALL v. DOHERTY et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. MECHANICS' LIENS (§ 139*)—NOTICE—SUFFICIENCY.

 A notice of mechanic's lien, stating that the labor performed and materials furnished was done in pursuance of a contract between lienor and D., and the agreed price was a certain amount, does not satisfy Lien Law (Consol. Laws 1909, c. 33) § 9, subd. 4, requiring notice of lien to state "the labor performed or to be performed, or materials furnished or to be furnished," and the agreed price or value thereof.

 [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 234–236; Dec. Dig. § 139.*]

2. MECHANICS' LIENS (§ 310*)—ACTION—COSTS—OFFER OF JUDGMENT.

 Though plaintiff, in an action to foreclose a mechanic's lien, fails to establish a valid lien, and though defendant, after the bringing of the action, makes offer of judgment, which is not accepted, for more than the recovery, defendant is not relieved from liability for costs, and en-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

titled to costs from the time of the offer, under the provision of Code Civ. Proc. § 738; plaintiff, notwithstanding his failure to establish a valid lien, being, under Lien Law (Consol. Laws 1909, c. 33) § 54, entitled to a personal judgment in the action for the sum due him, and for which he might recover in an action on the contract, costs in an action brought to foreclose a mechanic's lien, by provision of section 53, resting in the discretion of the trial court, and section 55, providing that if, after action brought, the owner of the property files an offer to pay into court a stated amount of money, and this is accepted, the court may order that, on such deposit being made, the money shall take the place of the property, and be subject to the lien, being the only provision in the lien law applicable to any offer after commencement of such an action, taking the place in such actions of the provision of the Code of Civil Procedure as to offer of judgment in actions generally.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 651–654; Dec. Dig. § 310.*]

Appeal from Nassau County Court.

Action by George B. Ball against John F. Doherty and another. From part of the judgment, defendant Doherty appeals. Reversed and remitted, with directions.

See, also, 127 N. Y. Supp. 1110.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

James E. Doherty, for appellant.
F. L. Gilbert, for respondent.

RICH, J. Defendant Doherty appeals from so much of a judgment in an action brought to foreclose a mechanic's lien as gives plaintiff a lien on appellant's real property, and adjudicates that an offer of judgment made by the appellant was not in proper form, and does not free him from the payment of costs, or entitle him to the costs subsequently accruing.

His contention is that the notice of lien, upon which the judgment is based, is void, that plaintiff was entitled to a personal judgment only, and that his offer of judgment for an amount greater than the recovery which was not accepted, not only relieved him from liability for costs to the plaintiff, but entitled him to costs against the plaintiff from the time such offer was made, under the provisions of section 738 of the Code of Civil Procedure. Chapter 33 of the Consolidated Laws became operative on February 17, 1909. The plaintiff's lien was filed on August 28, 1909, and his rights are governed by the provisions of the Consolidated Laws, and not by the mechanic's lien law of 1897 (chapter 418). This is not important, however, for the provisions of the two statutes upon which the rights of the parties rest are substantially the same.

[1] The contention that the lien is invalid rests upon the provisions of subdivision 4 of section 9 of said chapter 33 of the Consolidated Laws, which is identical in language with subdivision 4 of section 9 of chapter 419 of the Laws of 1897 (the former lien law), which requires that the notice of lien state "the labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof." The plaintiff's notice states:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"4. The labor performed (1) and to be performed (2) and the materials furnished (3) and to be furnished (4) and the agreed price and value thereof are as follows, respectively: The labor performed and the materials furnished was done in pursuance of a contract made between the lienor and said John F. Doherty, and the agreed price was $937.00."

This recital is substantially the same as the one considered in Toop v. Smith, 181 N. Y. 283, 73 N. E. 1113, and held not to meet the requirements of the statute, and insufficient to create a valid lien. Judge Werner says:

"We think this recital will be scanned in vain, either (1) for any statement of labor performed (2) or to be performed (3) or materials furnished (4) or to be furnished. The most liberal statutory construction that the imagination can suggest cannot validate this notice of lien, unless it contains one or the other of these four requisites, according to the facts upon which the plaintiff's claim to a lien is based. Neither can the favorable findings of the trial court avail the plaintiff. Nothing but a judicial repeal of the statute can help him, if his notice of lien is insufficient. * * * It is urged that the statute does not contemplate a statement of the kind or amount of labor performed or materials furnished by a lienor. We think that is precisely what the statute does require. Such a statement need not necessarily be a specific bill of particulars, but there must be such a general reference to the kind and amount of materials and labor furnished, or to be furnished, as to advise those who may have a legal interest in the subject of the character and extent of the demand upon which the claim to a lien is based. In other words, there must be a substantial compliance with the requisites of the statute."

The case at bar is controlled by this authority, and the plaintiff's lien must be held invalid. Having failed to establish his lien, the plaintiff was entitled to a personal judgment against the appellant for the sum due him, and for which he might recover in an action on the contract set out in the complaint. Section 54.

[2] This brings us to the only remaining question: Which of the parties is entitled to costs? Costs and disbursements in an action brought to foreclose a mechanic's lien against real property rest in the discretion of the trial court (section 53); and I do not think that the provisions of section 738 of the Code of Civil Procedure have any application to a case of this character. Section 20 of the present law provides for the discharge of a lien before action brought, and section 55 provides that after action brought the owner may make and file with the clerk with whom the notice of lien is filed an offer to pay into court the sum of money stated therein, and serve upon the plaintiff a copy of such offer. If within 10 days after such service a written acceptance is filed and copy served upon the party making the offer, the court may order that upon such deposit being made the lien shall be discharged, and the money deposited takes the place of the property upon which the lien existed, and is subject to the lien. This is the only provision in the lien law applicable to any offer after the commencement of an action, and takes the place of the offer of judgment in actions generally by section 738 of the Code of Civil Procedure.

The judgment should be reversed, with costs, and the action remitted to the County Court of Nassau county, with direction to enter a personal judgment against the defendant-appellant for the sum of $750, with interest thereon from August 1, 1909. All concur.