■ ARTHUR PARO, Respondent, v ROSS BIONDO, Appellant, et al., Defendant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered February 3, 1984 in Franklin County, upon a decision of the court at Trial Term (Dier, J.), without a jury.

Plaintiff commenced a mechanic's lien foreclosure action against defendant Ross Biondo (defendant) for the sum of $5,350, representing the unpaid balance of the contract price of $14,000 for blacktopping an entrance driveway and parking lot in connection with the construction of a State Police substation on defendant's property. Defendant answered and counterclaimed for $20,000 for defective performance. At the conclusion of the trial, Trial Term dismissed defendant's counterclaims and denied plaintiff foreclosure of its lien on the ground that the proof established that his notice of lien was not timely filed. However, Trial Term found that plaintiff performed work "according to the contract", also found that correction of any defective work was less than claimed by defendant and, on that basis, awarded a personal judgment against defendant in the sum of $2,500. This appeal by defendant followed.

Defendant's first contention is that, having found that plaintiff's mechanic's lien failed because of tardy filing and since the complaint did not expressly request an award based on the contract or on *quantum meruit,* Trial Term was not at liberty to grant a money judgment in plaintiff's favor. We disagree. The complaint adequately alleges facts concerning the existence of the contract, plaintiff's performance of his obligation thereunder and the unpaid balance of the agreed price. Additionally, the *ad damnum* clauses include a request for a judgment against defendant for any deficiency remaining after the foreclosure

sale. This is sufficient to sustain an award of a personal judgment against an owner if the contractor's mechanic's lien is defective (*Abbott v Easton,* 195 NY 372, 376; *Soll v Camardella,* 277 App Div 1004, 1005).

Defendant's alternative contentions are that Trial Term erroneously disregarded uncontradicted evidence that the cost of correcting defective performance was some $13,000 and that, even on the basis of the lesser cost of correction found by the court, plaintiff was not entitled to any recovery. Defendant's own expert testified in substance, however, that a far less expensive application of a sealer coat as late as the following spring would have largely corrected the problem encountered. Moreover, after plaintiff left the job on October 17, 1980, and despite the defects claimed already to have been observed, defendant made a partial payment of $8,000 by check with the notation "on account". These facts supported Trial Term's finding that the cost of curing any faulty workmanship was far less than claimed by defendant. On the basis of that finding, we cannot say that, as a matter of law, there was not substantial performance by plaintiff; thus, a judgment could properly have been rendered on that basis for the balance of the contract price less the cost of correction (see 22 NY Jur 2d, Contracts, §§ 319-320, pp 196-199).

Judgment affirmed, with costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.