■ ADC CHATTELS, Respondent, v ATLANTIC DENTAL COMPANY, INC., Appellant.—Levine, J. Appeal from that part of an order of the Supreme Court (Rose, J.), entered October 5, 1989 in Tompkins County, which denied defendant's cross motion to dismiss the complaint for failure to state a cause of action.

Plaintiff is a partnership formed by Robert Baker and Geoffrey Banfield for the purpose of leasing certain business equipment to defendant, a corporation owned in part by Baker and Banfield, which, *inter alia,* renders orthodontic laboratory services. In February 1989, plaintiff commenced this action for breach of contract, alleging that defendant had failed to make the monthly payments due under the parties' leasing agreement since July 1988. Following discovery, plaintiff moved for summary judgment on the complaint. Defendant opposed the motion and cross-moved to dismiss the complaint, claiming that it failed to allege essential terms of the agreement as to the identity of the property covered by the lease, the duration of the lease and the payment due dates. Supreme Court then denied both the motion and the cross motion and only defendant has appealed.

There should be an affirmance. Upon reviewing, as we must for purposes of the motion, plaintiff's complaint together with its bill of particulars and affidavit *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636; *Nader v General Motors Corp.,* 25 NY2d 560, 565; *MacDonald v Howard,* 91 AD2d

1119, 1120), we conclude that plaintiff has sufficiently alleged the essential terms of the parties' agreement upon which its claim is based *(cf., Chrysler Capital Corp. v Hilltop Egg Farms,* 129 AD2d 927).

Plaintiff avers in its complaint that it entered into an agreement with defendant wherein it agreed to lease certain equipment used by defendant in its business in exchange for a rental fee, which according to plaintiff's bill of particulars, the parties orally agreed would be $3,076.75 per month as of March 1987. As to the identity of the leased equipment, Banfield stated in his supporting affidavit that such equipment included motor vehicles, office and computer equipment, as well as other items used in defendant's business, all of which "varied as property was acquired and replaced". In our view, this description identified with reasonable definiteness the property covered by the parties' agreement, which apparently remains in defendant's possession and thus, may be identified with certainty by reference to extrinsic proof *(see, Young v Zwack, Inc.,* 98 AD2d 913, 915). We also find that the duration of the parties' leasing agreement was adequately set forth in Banfield's affidavit, in which he stated that defendant agreed to make monthly rental payments as long as the leased equipment remained in service. It is clear from the pleadings that this term covered the period for which plaintiff is now seeking payment. Finally, while defendant correctly asserts that plaintiff failed to allege the dates on which the rental payments were due, plaintiff did allege in its bill of particulars that up until the time of breach the rents were paid on a monthly basis and that records evidencing the precise payment dates are in the possession of defendant. Thus, again, the payment due dates contemplated by the parties may be determined with certainty by reference to defendant's records *(see, supra).*

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll and Levine, JJ., concur.