■ CRANESVILLE BLOCK COMPANY, INC., Appellant, v SPRING APARTMENTS, LLC, et al., Respondents, et al., Defendant. [863 NYS2d 116]—

Stein, J. Appeal from an order of the Supreme Court (Sise, J.), entered February 26, 2007 in Montgomery County, which, among other things, granted the motion of defendants Spring Apartments, LLC and International Fidelity Insurance Company for summary judgment dismissing the complaint against them.

Plaintiff entered into a credit agreement to provide ready-mix concrete to defendant Advanced Wall Systems, LLC, a subcontractor hired to complete concrete work on the Spring Manor Apartments in the Town of Poughkeepsie, Dutchess County. Defendant Spring Apartments, LLC is the owner of the apartments and defendant International Fidelity Insurance Company is Spring's insurer. Following nonpayment of over $10,000, plaintiff filed a mechanic's lien against the property on February 2, 2004. Thereafter, Spring, as principal, and International, as surety, filed a bond in the amount of $10,345.25 to discharge the lien. Plaintiff then filed a summons and complaint seeking to foreclose its lien and to recover damages from Advanced.

All defendants moved to dismiss the complaint and/or for summary judgment and plaintiff cross-moved for summary judgment against Advanced. While the summary judgment motions were pending, plaintiff also moved for an order pursuant to CPLR 304 to deem the action timely commenced or, in the alternative, for an evidentiary hearing on the issue. After a hearing was held, Supreme Court found that plaintiff did not overcome the presumption that the summons and complaint were filed on February 3, 2005—the date on which they were stamped received by the County Clerk's office—and, thus, found that the action to foreclose the mechanic's lien was not timely commenced and granted defendants' motions for summary judgment. Plaintiff now appeals.

Initially, plaintiff asserts that Supreme Court erred in determining that the summons and complaint were not timely filed as a matter of law. We disagree. "An action is commenced by filing a summons and complaint . . . [F]iling shall mean the delivery of the . . . summons and complaint . . . to the clerk of the court in the county in which the action . . . is brought or any other person designated by the clerk of the court for that purpose" (CPLR former 304).* The filed papers "shall be date stamped by the clerk of the court who shall file them and maintain a record of the date of the filing" (CPLR former 304).

The relevant date for commencement purposes is the date that the papers to be filed are received by the county clerk, not the date that the papers are mailed (*see Matter of Abramov v Board of Assessors, Town of Hurley*, 257 AD2d 958, 960 [1999], *lv denied* 93 NY2d 813 [1999]; *Enos v City of Rochester*, 206 AD2d 159, 161 [1994]). A "presumption exists that the actual filing date is the date the summons and verified complaint are

---

* While the relevant language in the statute has not changed, at the time of the filing of the pleadings here, a former section of the statute applied which was only effective until December 31, 2007.

stamped filed by the County Clerk. However, extraordinary circumstances may exist establishing that the actual filing of these documents occurred on an earlier date than that reflected on the stamp and, if clear and unequivocal evidence exists establishing that fact, it will serve to rebut the presumption" (*Resch v Briggs*, 51 AD3d 1194, 1196 [2008] [citation omitted]).

Here, in order to be timely, plaintiff was required to commence an action to foreclose its lien on or before February 1, 2005 (*see* Lien Law § 19 [2]; 76A NY Jur 2d, Mechanics' Liens § 130). Supreme Court properly determined that plaintiff failed to provide clear and unequivocal evidence to rebut the presumption that the summons and complaint were received by the County Clerk on February 3, 2005—the date they were date stamped. Plaintiff's office employee testified that she mailed them to the Montgomery County Clerk from the post office in the Town of Amsterdam, Montgomery County between 4:30 P.M. and 5:00 P.M. on January 31, 2005. It is undisputed that the summons and complaint were date/time stamped by the Montgomery County Clerk on February 3, 2005 at 11:54 A.M. The County Clerk testified that all mail for the County is received in one post office box at the post office on Main Street in the Village of Fonda, Montgomery County, is collected by a mail delivery person and distributed by that person to the various county offices, including the County Clerk's office on Broadway in the Village of Fonda, Montgomery County. The mail is usually received in the County Clerk's office between 10:30 A.M. and 1:00 P.M. The County Clerk or her deputy opens the mail and places anything needing an index number on the desk of the index record clerk. The index record clerk, who is responsible for stamping and entering summonses and complaints, testified that she usually sees the mail when she returns from her lunch break at approximately 12:30 P.M., that she files until 3:30 P.M. and that anything not finished by that time is done the next day. However, the testimony showed that the filing of summonses and complaints was a priority and was generally accomplished the day they were received.

Preliminarily, we reject plaintiff's contention that receipt in the general county post office box was sufficient. Even if that were the case, there is no clear evidence to support plaintiff's assertion that it only takes one day for mail received in the late afternoon at the post office in the Town of Amsterdam, Montgomery County, to travel to the post office in the Village of Fonda, Montgomery County. Plaintiff also failed to provide any evidence that the county mail delivery person actually picked up the mail from the post office box and delivered it to the

County Clerk on February 1, 2005. Further, even if, as plaintiff argues, the time of the date stamp suggests that it was received the previous day, plaintiff's action is still not timely. Thus, Supreme Court properly granted the motion of Spring and International for summary judgment dismissing the complaint against them.

However, Supreme Court erred in granting Advanced's motion for summary judgment and in denying plaintiff's cross motion for summary judgment against Advanced for a personal judgment in the amount of $10,345.25. Pursuant to Lien Law § 54, even if a lien is invalid, a lienor may recover in an action on a contract against any party to the action. The statute of limitations for such an action is six years (see CPLR 213). Here, plaintiff's complaint specifically demanded personal judgment against Advanced in the event that the lien was invalid and set forth the elements of a cause of action against Advanced for breach of contract (see CPLR 3026). Furthermore, plaintiff established a prima facie entitlement to summary judgment by presenting the affidavit of its credit manager, a copy of the contract and the invoices plaintiff sent to Advanced. In response, Advanced failed to dispute the material terms of the contract and submitted only the affirmation of an attorney, who lacked the requisite personal knowledge to create a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Therefore, plaintiff is entitled to summary judgment on its contract cause of action against Advanced (see Alvarez v Prospect Hosp., 68 NY2d at 324; Zuckerman v City of New York, 49 NY2d at 562; ADC Chattels v Atlantic Dental Co., 169 AD2d 903, 903-904 [1991]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Advanced Wall Systems, LLC for summary judgment and as denied plaintiff's cross motion for summary judgment against said defendant; said defendant's motion denied, plaintiff's cross motion granted and plaintiff is awarded judgment against said defendant in the amount of $10,345.25; and, as so modified, affirmed.