(September 16, 2015)

■ ALUMINUM HOUSE CORP., Appellant, v ERNEST R. DE-METRIOU et al., Respondents. [16 NYS3d 303]—

In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals, as limited by its brief, from so much of an amended judgment of the Supreme Court, Suffolk County (Spinner, J.), entered January 17, 2014, as, upon a decision of the same court made on April 4, 2013, and the granting of the defendants' application to dismiss the complaint, is in favor of the defendants and against it dismissing the complaint.

Ordered that the amended judgment is reversed insofar as appealed from, on the law, with costs, the defendants' application to dismiss the complaint is denied, and the complaint is reinstated.

The plaintiff filed a notice of mechanic's lien on or about March 7, 2005, for the sum of $17,189, representing the allegedly unpaid balance of a contract for certain renovations or additions to the defendants' house. The plaintiff commenced this action, inter alia, to foreclose the lien and filed a notice of pendency on March 21, 2005. In answering the complaint, the defendants admitted that there had been a contract, but denied that any balance was owed to the plaintiff. They asserted counterclaims, inter alia, to recover damages for the plaintiff's allegedly defective work.

On April 4, 2013, the parties appeared in court for a trial of the action. At that time, the defendants made an oral application to dismiss the complaint on the ground that the notice of pendency had expired and, therefore, the lien was invalid. The plaintiff conceded that it could not establish a valid lien because the notice of pendency had expired, but argued that it could proceed in the action and recover a personal judgment against the defendants for sums due. The Supreme Court granted the defendants' application and thereafter issued an amended judgment, inter alia, dismissing the complaint. The plaintiff appeals from that portion of the amended judgment, and we reverse insofar as appealed from.

Contrary to the defendants' contention, under the plain language of the Lien Law, the Supreme Court had the authority to retain the action and award a money judgment even though the lien had expired (*see Noce v Kaufman*, 2 NY2d 347, 352 [1957]; *Smith Bros. Plumbing Co. v Engine Air Serv.*, 307 NY 903, 906 [1954]; *Di Menna v Cooper & Evans Co.*, 220 NY 391, 395 [1917]; *Ball v Doherty*, 144 App Div 277, 279 [1911]; *cf. McGraw v Godfrey*, 56 NY 610 [1874]). Section 17 of the Lien Law provides that the "failure to file a notice of pendency of action shall not abate the action as to any person liable for the payment of the debt specified in the notice of lien, and the action may be prosecuted to judgment against such person." The same rule applies where, as here, the notice of pendency expired during the pendency of the plaintiff's action (*see Spartan Concrete Corp. v Harbour Val. Homes*, 71 AD2d 950, 951 [1979]). Section 54 of the Lien Law provides that if "the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this article, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract, against any party to the action."

The complaint in this action alleged the existence of the contract, the plaintiff's performance of its obligation thereunder, and the unpaid balance of the agreed price. Additionally, the ad damnum clause included a request for a personal judgment against the defendants for any deficiency remaining after a foreclosure sale. These allegations were sufficient to support an award of a personal judgment against the defendants even if the mechanic's lien was defective (*see Eagle Contrs. of Utica v Black*, 8 NY2d 732, 733 [1960]; *Noce v Kaufman*, 2 NY2d at 352; *Paro v Biondo*, 105 AD2d 577, 577-578 [1984]; *cf. Nelson v Schrank*, 273 App Div 72, 73 [1947]). Accordingly, the application to dismiss the complaint should have been denied. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.