Aarons, J.
Appeal from an order of the Supreme Court (Ellis, J.), entered September 28, 2015 in Franklin County, which, among other things, granted plaintiffs motion to, among other things, confirm a referee’s report of an amount due.
*1193 In July 2007, defendants Point Property Co., LLC and Point Annex Land Co., LLC (hereinafter collectively referred to as defendants) executed a note in favor of Lehman Brothers Holding, Inc. (hereinafter Lehman) in the amount of $12,500,000. The note was secured by a mortgage and encumbered two commercial properties, one located in the Village of Saranac Lake, Franklin County and the other one in the Town of Har-rietstown, Franklin County. Defendants and Lehman also entered into a security agreement that granted Lehman a security interest in various items, including personal property, fixtures and furniture in the mortgaged premises, as well as general intangible items. In May 2011, defendants and Lehman executed a first amendment to the loan agreement, which, among other things, reduced the principal amount due from $12,500,000 to $10,000,000. In December 2011, Lehman assigned its interest to plaintiff.
When defendants failed to make the full payment by the February 1, 2013 maturity date, plaintiff commenced this foreclosure action. Defendants never interposed an answer and, upon plaintiff’s motion for an order of reference, Supreme Court appointed a referee to determine the amount due to plaintiff. In his report, the referee computed the amount due under the note as of May 31, 2014 to be $13,713,203.30, of which $11,560,394.97 was secured by the mortgage. Plaintiff moved for, among other things, to confirm the referee’s report, a judgment of foreclosure and sale and for an award of counsel fees. Supreme Court granted plaintiff’s motion and awarded plaintiff $80,000 in counsel fees. Defendants now appeal.
We conclude that the appeal is moot to the extent that defendants challenge the order as affecting their right to redeem the subject commercial properties. In this regard, defendants assert various errors, which, according to them, artificially inflated the redemption price and precluded them from exercising their right to redeem the subject commercial properties. During the pendency of the appeal, however, the subject commercial properties were sold, thereby extinguishing defendants’ right to redeem the properties (see Trustco Bank, Natl. Assn. v Eakin, 256 AD2d 778, 780 [1998]).[1] More critically, once lost, the right to redeem cannot be revived, even by court order (see Kolkunova v Guaranteed Home Mtge. Co., Inc., 43 AD3d 878, 878 [2007]). While defendants assert that the appeal is *1194 not moot to this extent because they are entitled to a vacatur of the foreclosure sale, which, in turn, could implicate their right to restitution (see CPLR 5523), there is no indication in the record that defendants moved either to vacate the judgment of foreclosure and sale or to set aside the foreclosure sale before Supreme Court. Accordingly, because defendants’ redemption rights in the subject commercial properties will not be directly affected by a decision of this Court, that aspect of defendants’ appeal concerning such redemption rights is moot (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).
Defendants’ challenge to the reasonableness of the counsel fee award, however, is not moot (see generally Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 779-780 [2014]).[2] To that end, we agree with defendants that Supreme Court erred in awarding plaintiff $80,000 in counsel fees in the absence of an evidentiary hearing to determine the reasonableness of the requested fees. Contrary to plaintiff’s assertion and the dissent’s characterization, no evidentiary hearing took place. Rather, when the parties appeared at the scheduled proceeding upon Supreme Court’s invitation, at most, only a discussion about counsel fees occurred. The appearance progressed in the nature of an oral argument and did not involve the presentation of evidence or examination of witnesses. Both parties seemed ready to proceed with an evidentiary hearing, but defendants’ counsel ultimately digressed to argue other matters. Such digressions understandably caused some frustration but, inasmuch as the trial court “exercise[s] supervisory control over all phases of pending actions and proceedings” (Teitelbaum Holdings v Gold, 48 NY2d 51, 54 [1979]), Supreme Court was best situated to restrain defendants’ counsel from further digression, to direct him to call a witness and to advise the parties that oral argument would no longer be entertained and that the evidentiary hearing on the issue of counsel fees would commence.
While plaintiff’s counsel offered to have the counsel fee dispute resolved through testimony or on submission, defendants’ counsel voiced his demand to cross-examine plaintiff’s counsel regarding the requested counsel fees. Although defendants’ counsel did not specifically identify one of the factors involved in assessing the reasonableness of counsel fees as a basis for contesting plaintiff’s counsel fee application, he nonetheless argued that he wanted to examine plaintiff’s *1195 counsel regarding the block billing and vague and redacted time entries on the legal invoices (see Kumble v Windsor Plaza Co., 128 AD2d 425, 426 [1987], lv dismissed 70 NY2d 693 [1987]). Furthermore, when Supreme Court inquired whether defendants’ counsel wanted the entire counsel fee application rejected in its entirety, defendants’ counsel responded, “I don’t see how you can issue a ruling on it in its present form” — an objection directed at the insufficiency of plaintiff’s papers. Moreover, plaintiff’s counsel stated that he “would have expected that [defendants’ counsel] would have had specific objections . . . but I suppose we could hear those on cross-examination.”
The parties’ appearance, however, concluded without Supreme Court ever hearing testimony from any witnesses. Critically, there is no indication that defendants’ counsel explicitly waived his demand to examine opposing counsel or otherwise consented to the resolution of the issue of counsel fees solely on the papers. Under these circumstances, defendants’ counsel was never provided with an evidentiary hearing in the first instance. Indeed, at the conclusion of the proceeding, defendants’ counsel stated that “if they want those legal fees, they need to get up on the stand and testify, because right now, their invoices don’t get it done.” Supreme Court noted that “we can keep arguing the same arguments over and over again,” but, in light of defendants’ counsel’s request, it was incumbent upon Supreme Court to direct the parties to commence the evidentiary hearing, as opposed to concluding the appearance.
While a hearing on counsel fees is not required when a determination can be made on the papers alone (see Matter of Claydon, 103 AD3d 1051, 1054 [2013]; cf. Vacation Vil. Homeowners’ Assn. v Mordkofsky, 254 AD2d 650, 651 [1998], lv dismissed 93 NY2d 920 [1999], appeal dismissed 94 NY2d 898 [2000]), this is not the case here inasmuch as plaintiff’s “affidavit of services rendered . . . fail[ed] to set forth counsel’s experience, ability, and reputation, and fail [ed] to detail the prevailing hourly rate for similar legal work in the community” (People’s United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691 [2016]). Furthermore, the itemized legal bills submitted by plaintiff are insufficient to assess the reasonableness of the fees in the absence of proof showing “the necessity of the services rendered, the benefit achieved, the difficulty of the issues involved, or any other of the considerations normally involved in calculating [counsel] fees” (Key Bank of N.Y. v Anton, 241 AD2d 482, 484 [1997]; see Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1287 [2007]; General Motors *1196 Acceptance Corp. v FMJ Computer Servs., 277 AD2d 543, 543-544 [2000]).
Notwithstanding Supreme Court’s discretion in this realm and the fact that the court awarded plaintiff an amount less than what was sought, before an award of counsel fees may be fixed, “the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered” (Bankers Fed. Sav. Bank v Off W. Broadway Devs., 224 AD2d 376, 378 [1996]). In our view, Supreme Court did not have before it sufficient information to summarily determine the reasonableness of the sought counsel fees. Furthermore, “to permit intelligent review, a court must provide a concise but clear explanation of its reasons for the [counsel] fee award” (Ricciuti v Lombardi, 256 AD2d 892, 893 [1998] [internal quotation marks and citations omitted]). Although Supreme Court, in its order, recited the necessary factors relevant to determining the reasonableness of counsel fees, it did not provide a clear explanation for its ultimate counsel fee award. Rather, the $80,000 awarded by Supreme Court appears to derive merely from adding up all of the fees attributable to one of the attorneys who represented plaintiff— i.e., the attorney who submitted the affidavit of services— without regard to the necessary factors used to reach an award of counsel fees and with insufficient information in light of the block billing and vague and redacted time entries in the legal invoices. Accordingly, given that plaintiff’s proof was insufficient for Supreme Court to fix an award of counsel fees on the papers alone and that defendants were never afforded an opportunity in the first instance to challenge the reasonableness of the requested counsel fees, the matter must be remitted for an evidentiary hearing.
Peters, P.J., Devine and Mulvey, JJ., concur.

. Supreme Court granted defendants an interim stay of the proceedings pending resolution of the appeal. Defendants, however, failed to post an undertaking within the time frame specified by Supreme Court for the stay to remain in effect.

. Defendants only challenge the reasonableness of the counsel fees and not plaintiff’s entitlement to them.