William Bialosky, Respondent,
against
Randee Rubin and Edward J. Rubin, Appellants.




Laurence J. Sass, Esq., for appellants.
Roberts and Roberts (Michael Roberts of counsel), for respondent.

Appeals from a judgment of the Suffolk County Court (James P. Flanagan, J.) entered March
23, 2016, and an order of that court (C. Stephen Hackeling, J.) dated June 10, 2016. The
judgment, insofar as appealed from by defendants, after a nonjury trial, awarded plaintiff the
principal sum of $49,801.32 on the first cause of action and dismissed defendants' counterclaims.
The order denied defendants' motion to, among other things, set aside the verdict. The appeal
from the judgment was transferred to this court by decision and order on motion of the Appellate
Division, Second Judicial Department, dated June 20, 2016, and brings up for review so much of
the judgment as dismissed the second cause of action with prejudice (see Parochial Bus Sys. v
Board of Educ. of City of NY, 60 NY2d 539, 544-546 [1983]).




ORDERED that the appeal from the order dated June 10, 2016 is dismissed as abandoned;
and it is further,
ORDERED that the judgment, insofar as appealed from and insofar as reviewed, is modified
by vacating so much thereof as (1) awarded plaintiff $49,801.32 on the first cause of action, and
(2) dismissed with prejudice the second cause of action insofar as asserted against defendant
Randee Rubin, and by providing that the first cause of action is dismissed; as so modified, the
judgment, insofar as appealed from and insofar as reviewed, is affirmed, without costs, and the
matter is remitted to the County Court for a new trial on the second cause of action insofar as
asserted against defendant Randee Rubin.
Plaintiff, a licensed architect, commenced this action in the Supreme Court, Suffolk County,
to recover for services rendered to defendants with respect to the design and construction of their
summer house on Fire Island. The verified complaint asserts causes of action for (1) foreclosure
of a $45,079.19 mechanic's lien, (2) breach of contract, (3) unjust enrichment, (4) quantum
meruit, and (5) account stated. Defendants answered by denial and asserted eight counterclaims.
In its written decision after a nonjury trial, at which defendants represented themselves, the
County Court (James P. Flanagan, J.) directed that judgment be entered for plaintiff on the first
cause of action in the sum of $49,801.32, dismissed the remaining causes of action with
prejudice, and dismissed the counterclaims.
The complaint's first cause of action seeks foreclosure of a mechanic's lien which plaintiff
had filed against defendants' property. To be entitled to judgment on this cause of action, plaintiff
had to establish the existence of a valid lien and that there were funds due and owing from
defendants to plaintiff upon which the lien could attach (see Lien Law § 4 [1];
Eagle Contrs. of Utica v Black, 8 NY2d 732 [1960]; Aluminum House Corp. v
Demetriou, 131 AD3d 986 [2015]; L & W Supply Corp. v A.D.F. Drywall, Inc.,
55 AD3d 1026, 1027 [2008]). The record on appeal, however, does not indicate that the notice of
the lien was entered into evidence at trial, or that the County Court found that the lien was valid.
Indeed, the lien was in the sum of $45,079.19 yet the court awarded plaintiff the principal sum of
$49,801.32 on the first cause of action. The court's written decision after trial merely states that
plaintiff "had filed a lien and Lis Pendens"; it does not state that the court had taken judicial
notice of the lien, as requested by plaintiff's attorney, and otherwise does not mention the lien.
Thus, the record on appeal does not support the entry of a judgment in favor of plaintiff upon the
first cause of action, and so much of the judgment as awarded plaintiff the principal sum of
$49,801.32 on the first cause of action must be vacated and that cause of action dismissed. 
Lien Law § 54 provides that if "the lienor shall fail, for any reason, to establish a valid
lien in an action under the provisions of this article, he may recover judgment therein for such
sums as are due him, or which he might recover in an action on a contract, against any party to
the action" (see Cranesville Block Co., Inc. v Spring Apts., LLC, 53 AD3d 998, 1001
[2008]) and, indeed, plaintiff's second cause of action was based on breach of contract. While, as
the prevailing party, plaintiff could not cross-appeal from so much of the judgment as dismissed,
with prejudice, the second or any of the remaining causes of action, plaintiff properly raises in his
respondent's brief arguments to the effect that judgment should properly have been awarded on a
basis other than the foreclosure of a mechanic's lien (i.e., breach of contract). Therefore, we find
that plaintiff has brought up for review so much of the judgment as dismissed his second cause of
action (see Parochial Bus Sys. v Board of Educ. of City of NY, 60 NY2d 539, 544-546
[1983]). That cause of action specifically refers to a September 2004 written contract as the one
defendants breached, yet that contract was signed only by defendant Randee Rubin, and not by
defendant Edward J. Rubin. Consequently, based on the court's written decision, plaintiff may
well have a viable breach of contract cause of action against defendant Randee Rubin and, thus,
so much of the judgment as dismissed, with prejudice, plaintiff's second cause of action insofar
as asserted against defendant Randee Rubin is vacated and the matter is remitted for a new trial
thereon (see Cover v Cohen, 61 NY2d 261, 277-278 [1984]). 
Upon a review of the record, we find that defendants' counterclaims were properly [*2]dismissed, as defendants failed to prove any damages.
Accordingly, the judgment, insofar as appealed from and insofar as reviewed, is modified by
vacating so much thereof as awarded plaintiff $49,801.32 on the first cause of action, and as
dismissed, with prejudice, the second cause of action insofar as asserted against defendant
Randee Rubin, and by providing that the first cause of action is dismissed, and the matter is
remitted to the County Court for a new trial on the second cause of action insofar as asserted
against defendant Randee Rubin.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2018