Kandov v Kats (2019 NY Slip Op 08558)





Kandov v Kats


2019 NY Slip Op 08558


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-10337
 (Index No. 16437/06)

[*1]Violeta Kandov, appellant, 
v
Anatole Kats, et al., respondents.


Jason M. Baxter, New York, NY, for appellant.
Richard Creditor, LLC (Tsyngauz & Associates, P.C., New York, NY [Simon I. Malinowski], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered January 14, 2016. The order granted the defendants' motion, in effect, for leave to enter a money judgment against the plaintiff in the principal sum of $102,627.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Tudor & Son General Contracting, Inc., and its two principals, the defendants Anatole Kats and Michael Kadar, alleging breach of a construction contract to renovate the plaintiff's home. The defendants answered and asserted counterclaims to foreclose a mechanic's lien filed on the subject property or, in the alternative, for a money judgment. In connection with their counterclaims, the defendants filed a notice of pendency. The matter was referred for trial to a Referee, to hear and determine on consent. After the trial, the Referee found that the plaintiff failed to establish that the defendants breached the parties' agreement. With respect to the defendants' counterclaims, the Referee found that the defendants established that they were owed the principal sum of $102,627, and were entitled to foreclose the mechanic's lien to recover that sum. The Referee directed the defendant to submit a proposed order of reference to the Supreme Court.
Thereafter, the defendants moved, in effect, for leave to enter a money judgment against the plaintiff in the principal sum of $102,627, rather than proceeding with the action as a mechanic's lien foreclosure. The defendants contended that their lien and notice of pendency expired during the period of time after the trial ended but before the Referee issued her determination. The Supreme Court granted the defendants' motion and the plaintiff appeals.
Contrary to the plaintiff's contention, the defendants were entitled, in lieu of or in addition to pursuing a mechanic's lien foreclosure, to obtain a money judgment against her for the amount due under the parties' contract. Lien Law § 64 provides: "[a] court or referee in any action heretofore or hereafter brought may at any time award a money judgment in favor of any party. This shall not preclude the rendition of other judgments in the action. Any payment made on account of either judgment in favor of a party shall be credited on the other judgment." "[U]nder the plain [*2]language of the Lien Law, the Supreme Court had the authority to retain the action and award a money judgment even though the lien had expired" (Aluminum House Corp. v Demetriou, 131 AD3d 986, 987; see Eagle Contr. of Utica v Black, 8 NY2d 732).
The parties' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court