Matter of Foreclosure of Tax Liens by County of Albany (Phoenix of Albany) (2024 NY Slip Op 01139)

Matter of Foreclosure of Tax Liens by County of Albany (Phoenix of Albany)

2024 NY Slip Op 01139

Decided on February 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

535873
[*1]In the Matter of the Foreclosure of Tax Liens by County of Albany. County of Albany, Respondent; Phoenix of Albany, Appellant.

Calendar Date:January 16, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Taub & Lewis LLP, New York City (Malcolm S. Taub of counsel), for appellant.
Eugenia Koutelis Condon, County Attorney, Albany (Mark T. Houston of counsel), for respondent.

Aarons, J.
(1) Appeal from an order of the County Court of Albany County (Stacy L. Pettit, J.), entered June 29, 2022, which, in a proceeding pursuant to RPTL article 11, denied respondent's motion to vacate the default judgment, and (2) motion to dismiss the appeal as moot.
Petitioner began a proceeding in 2012 under RPTL article 11 to foreclose on delinquent tax liens on two parcels of real property, among others. In October 2015, petitioner filed a petition and notice of foreclosure and set forth January 11, 2016 as the last day for parties to either answer or redeem the parcels. The owner of the subject parcels defaulted and, in August 2017, conveyed them to respondent. On October 13, 2017, petitioner filed certificates of withdrawal regarding the subject parcels. On October 30, 2017, a judgment of foreclosure by default was entered except with respect to those parcels that had been withdrawn. On January 14, 2022, petitioner filed a certificate of reinstatement with respect to one of the parcels. In February 2022, a judgment of foreclosure by default was entered, and the parcels were awarded to petitioner. Respondent then moved to vacate the judgment of foreclosure. In a June 2022 order, County Court denied the motion. Respondent appeals. In December 2022, petitioner sold the property that had comprised the subject parcels to a third party. In view of this, petitioner moves to dismiss respondent's appeal as moot.
The motion is denied. Upon the sale of the property comprised of the subject parcels, respondent's right of redemption was extinguished (see Lehman Commercial Paper, Inc. v Point Prop. Co., LLC, 146 AD3d 1192, 1193 [3d Dept 2017]). Although the right to redeem cannot be revived, even by a court order (see id.), the appeal is not moot because, if respondent prevails on appeal, respondent may be entitled to restitution under CPLR 5523 (see SEFCU v Allegra Holdings, LLC, 148 AD3d 1241, 1242 [3d Dept 2017]).
As to respondent's motion to vacate, respondent bore the burden of establishing a reasonable excuse for the default and a meritorious defense (see Matter of County of Broome [Alpine Endicott Realty, LLC], 160 AD3d 1233, 1234 [3d Dept 2018]).Respondent's claim of a meritorious defense rests on the premise that petitioner was required to refile a notice of petition of foreclosure following the filing of the certificate of reinstatement. We disagree. As County Court found, the plain language of RPTL 1138 (4) does not provide any requirement that a new petition of foreclosure be filed after the filing of a certificate of reinstatement. The record reflects that a petition had already been filed in October 2015 with respect to the subject parcels. A judgment of foreclosure by default was subsequently entered but only for those parcels that were not withdrawn. In this situation, where a petition of foreclosure had already been filed, there is nothing in the statutory scheme that requires the filing of a new petition after a withdrawn parcel has been [*2]reinstated to the list of delinquent taxes.
As a reasonable excuse for the default, respondent argues that it did not have notice due to the deficiencies in the filing of the certificates of reinstatement. Given the failure of respondent to show a meritorious defense, however, it is unnecessary to address whether respondent had notice (see Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi], 77 AD3d 1146, 1148 [3d Dept 2010]).[FN1] Accordingly, County Court correctly denied respondent's motion (see Matter of County of Albany [Bowles], 91 AD3d 1132, 1133 [3d Dept 2012]).
Garry, P.J., Egan Jr., Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the motion is denied, without costs.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: In any event, to the extent that respondent's argument relative to the certificates of reinstatement pertains to a meritorious defense, respondent did not adequately rebut the proof tendered by petitioner demonstrating that the certificates were presumptively filed (see Cranesville Block Co., Inc. v Spring Apts., LLC, 53 AD3d 998, 1000-1001 [3d Dept 2008], lv denied 11 NY3d 711 [2008]; compare Resch v Briggs, 51 AD3d 1194, 1196 [3d Dept 2008]).